Mr. Chief Justice Sharkey
delivered the opinion of the court.
The defendants in error sued on two promissory notes made by the plaintiff in error; one for $500, which was payable to S. S. Prentiss or order, and the other for $63, payable to George Montgomery. The first note was transferred by delivery only, but some time after the suit was brought it was indorsed. It is, however, declared on as having been “ indorsed and transferred to the plaintiffs.” If a note be payable to order, the legal title passes only by indorsement. Cohea’s Ex’rs v. Bacon, Jan. Term, 1849, [12 S. & M. 516.] If it be payable t® bearer, the legal title passes by delivery. And the holder cannot sue in his own name, on a note payable to order, without an indorsement. The subsequent indorsement does not cure the defect in the manner of declaring. The plaintiff must have a legal right of action at the *47 time he brings the suit; and the proof must show such a right as he has declared on, in him, at the time he commences his suit. These plaintiffs were not indorsees at the time they sued as such, and consequently fail in proving a cause of action as laid.
But the declaration contains also a count for money had and received, and it is insisted that the note was admissible under this count. About this point we have had more difficulty. The admissibility of promissory notes and bills of exchange under the money counts, has given rise to much judicial discussion. Some of the English cases have held that the right to give them in evidence under the money counts was confined to the payee, and did not extend to indorsees. Waynam v. Bend, 1 Campbell, 175; Bentley v. Northhouse, 2 Ry. & Moo. 66. But by many other, decisions, both in England and this country, this right has been extended to the indorsee of a note or bill payable to order, and to the bearer of a bill or note payable to bearer. A very full examination of the authorities has resulted in the conclusion that the rule may now be regarded as settled, that any one who has the legal title to negotiable paper may give it in evidence under the money counts; but that he cannot do so, unless he has the legal title and may sue in a court of law in his own name. He must hold by indorsement if the note be payable to order, or he must hold as bearer if it be payable to bearer. It would be a clear departure from principle to hold that one who has the mere equity in negotiable paper, and cannot sue at law, may, nevertheless, sue at law in his own name in indebitatus assumpsit, and sustain his action by giving the instrument in evidence. This would be to convert equitable into legal rights, and to subvert settled principles. True, Lord Mansfield said the action of assumpsit was an equitable action to recover money which ought not in justice to be kept. But he did not say, nor could he have meant, that it was an action which might be sustained on a mere equitable right. It is necessary, as in other actions at law, that the plaintiff should have a legal right. Whether the decisions have not already departed from principle in permitting a special contract to be abandoned in pleading, and to be given in evidence under the common counts, *48 we need not now iuquire. So the rale seems to be settled, notwithstanding the general rule, that when there is a special contract, open and operativej and shown to be so, the plaintiff must sue on it, and recover on it, or not a-t all. But far as they have gone, no case has been found which decides that the holder of a promissory note, payable to order, which has not been indorsed, may sue in his own name and give the note in evidence under the money counts. He cannot in such case recover on a special count for want of legal title. Does the form of the count change the character of the evidence, and make it establish a legal right, when under a special count it would establish but an equity, and be insufficient 1 If so, the common counts may in all cases supply the place of a bill in chancery. This view seems to be very clearly sustained by the following authorities: Grant v. Vaughan, 3 Burr. 1516; Olcott v. Rathbone, 5 Wend. 490; Pierce v. Crafts, 12 John. 90; Wild v. Fisher, 4 Pick. 421; Cruger v. Armstrong, 3 John. Cases, 5 ; State Bank v. Hurd, 12 Mass. Rep. 172; Arnold v. Cram, 8 John. 79; 4 Phil. Evid. 15-19, and notes.
Let the judgment be reversed and cause remanded.