## Eli S. Hovey v. Henry Sebring.

*Promissory note: Title: Possession: Production on trial.* As a general rule, the possession by the plaintiff, and his production upon the trial, of the promissory note sued upon, is *prima facie* evidence of his title, or his right to sue upon it; and the plaintiff need not be the real or beneficial owner to entitle him to recover.

*Presumption.* The production of the note upon the trial would, in ordinary cases, raise a presumption that the state of facts which authorizes the plaintiff to prosecute the suit in his name, existed at the time the suit was commenced; but the defendant may rebut this presumption and defeat the action, by showing that the state of facts existing at the time the suit was instituted did not authorize the plaintiff to sue.

*Promissory note: Evidence.* The maker of a promissory note payable to bearer, has a right to show, as against the plaintiff producing the note on trial, that the latter did not obtain the title, or the right by which he seeks to recover, until after the commencement of the suit.

*Heard October 27. Decided January 4.*

Error to Branch Circuit.

*M. S. Bowen,* for plaintiff in error.

*L. T. N. Wilson* and *Ashley Pond,* for defendant in error.

CHRISTIANCY, CH. J.

The main question in this case is, whether the maker of a promissory note payable to bearer has a right to show, as against the plaintiff producing the note on the trial, that the plaintiff did not obtain the title or the right by which he seeks to recover, until after the commencement of the suit.

It is well settled, as a general rule, that the possession of such note by the plaintiff producing it on the trial, is *prima facie* evidence of his title, or his right to sue upon it, and that the plaintiff need not be the real or beneficial owner to entitle him to recover.

The owner may bring suit, or rather allow it to be brought in the name of any other person with his assent.

And if the plaintiff's right of action, whether as owner or otherwise, existed at the commencement of the suit, the ownership or title can be inquired into, only for the purpose of letting in any defense or set-off the maker would have had as against a former holder (when transferred after maturity or with notice), or for the purpose of showing that the plaintiff's possession of the note is not in good faith.

But all this is aside from the particular question above stated, as the main question in this case. And liberal as the law is as to the person in whose name the suit may be brought, and in presuming ownership from possession, we think it has not gone, and ought not to go, so far as to allow a party to bring an action before his right of action has accrued; and whatever may be the state of facts which authorizes the suit to be brought in the name of any particular person, that state of facts must, as a general rule, exist at the time the suit is instituted in his name. This, it is true, would, in ordinary cases, be presumed from the production of the note by the plaintiff on the trial. But the defendant, we think, may rebut this presumption, and defeat the action by showing that the state of facts existing at the time of the institution of the suit, did not authorize the plaintiff to sue.

It is no substantial exception to this principle that the purchaser of a note payable to order and indorsed in blank, may insert the name of himself or another person as the indorsee, after suit brought or even on the trial; for the insertion of the name of an indorsee was a necessary part of the right acquired by the purchase and vested in him at that time.

It may, perhaps, also be true (though as the point is not here involved we do not decide it), that the owner may bring suit upon a note payable to bearer, in the name of

HOVEY *v.* SEBRING.

another, without his previous assent, and that the suit may be sustained by a subsequent ratification by the latter, as in *Golder v. Foss, 43 Me., 364,* which we think went quite far enough in sustaining a floating cause of action, upon the principle of ratification.

But as a general rule—and we think the present case falls within the general rule—the plaintiff can only recover upon the cause of action he had at the commencement of his suit, and is not allowed to sue first and obtain his cause of action afterwards.

In the present case it is clear enough from the plaintiff's own testimony that he claimed to recover as owner of the note, and not in behalf or in the right of any former holder. He swears on the trial that he "now owns the note;" but the defendant was not allowed by the justice to ask him when he obtained it, nor whether he had it when the summons was issued, nor whether he obtained it after the suit was commenced. In denying the defendant the right to go into this inquiry, we think the justice and the circuit court erred.

The judgment of the circuit court and that of the justice must be reversed with costs.

The other Justices concurred.