HOGAN v. DREIFUS.

BILLS AND NOTES—TITLE—PRESUMPTIVE EVIDENCE.
    The possession by plaintiff, and production at the trial, of an ◦
    accepted draft discounted by a bank, and indorsed in blank
    by one of its officers authorized to make such indorsement, is
    presumptive evidence of plaintiff's right to bring suit thereon.

Error to Wayne; Lillibridge, J.    Submitted May 4,
1899.   Decided October 3, 1899.

*Assumpsit* by Walter G. Hogan against Charles
Dreifus, Emanuel Dreifus, and Leopold E. Block, co-
partners as Dreifus, Block & Company, on certain accept-
ances.   From a judgment for plaintiff on verdict directed
by the court, defendants bring error.   Affirmed.

*Wells, Angell, Boynton & McMillan*, for appellants.
*Bowen, Douglas & Whiting*, for appellee.

LONG, J.   This action is upon five acceptances drawn
in favor of the First National Bank of Chicago by the
Columbian Exposition Salvage Company, of Chicago, Ill.,
upon Dreifus, Block & Co., of Pittsburg, Pa., and accepted
in writing by that company.   They were all drawn in
1895, and accepted within a few days after their respective
dates.   The Columbian Exposition Salvage Company had
an account with the First National Bank of Chicago, and
discounted these acceptances with that bank, the proceeds
being placed to the credit of that company.   When these
acceptances became due, they were duly protested for
nonpayment.   They were each duly indorsed upon the
back as follows:  · " Without recourse.   First National
Bank of Chicago.   H. Hoge."   It was shown on the trial
that Mr. Hoge had authority to make these indorsements.

The court below directed the verdict in favor of the plaintiff for the amount claimed. Defendants bring error.

The only question raised here, as stated by counsel for defendants, is whether, under the proofs in the case, the plaintiff showed title in himself to the acceptances at the time the suit was brought. Defendants' counsel asked the court to charge (1) that the plaintiff was not entitled to recover; (2) that if the jury found that plaintiff, Hogan, was not the owner of the acceptances in suit when this suit was begun, he was not entitled to recover. These requests were refused.

There is no proof in the case that the plaintiff ever became the owner of these acceptances, except the fact that his counsel had them in his possession, and produced them on the trial. They were indorsed by the bank in due form. Mr. Forgan, the vice-president of the bank, was called as a witness, and testified that Hoge had authority to make the indorsements; that Hoge was assistant cashier of the bank. He also testified that none of the acceptances had been paid by the acceptors, and, being further examined, testified as follows:

"*Q.* What was done with them by the bank, as to being charged back to the company?

"*A.* They were carried past due upon our books until May 27, 1896.

"*Q.* How were they disposed of?

"*A.* I then called in Mr. Pollak [the treasurer of the Columbian Exposition Salvage Company], and told him we could not afford to wait for the adjustment of this matter until the acceptors paid, as they were resisting payment; * * * that he must come to the front and arrange the matter. He said the company was not prepared to pay us, but that they would give their own paper, and keep it alive with the guaranty of certain parties, and leave this paper [the acceptances] with us as collateral for their direct obligation, so that things would be changed on our books from past-due paper to a live piece of paper secured by past-due paper."

On cross-examination the witness testified:

"*Q.* You held the past-due paper until what time?

"*A.* We held it past due until May 27, 1896.

"*Q.* On May 27th what was the arrangement between you and the Columbian Exposition Salvage Company?

"*A.* The arrangement was that they gave us their note for the paper.

"*Q.* Did you surrender the paper?

"*A* We did not surrender the paper. We took it as collateral security for their note. That note was payable on demand. It bears interest, and they pay us the interest on it. They have paid the interest regularly every month since, up to the last month; * * * that is, the note of the Columbian Exposition Salvage Company. We did not charge these acceptances back in the open account of the Columbian Exposition Salvage Company. The transaction on our books was simply to credit bills discounted with these acceptances, and charge it with the note of May 27th, and it so stands upon our books today. * * *

"*Q.* Do you recall bringing a suit in Pittsburg in the name of your bank, upon these acceptances, or some of them, against the acceptors?

"*A.* I don't recollect that,—whether we brought suit in Pittsburg or not. I knew there was a suit brought against the acceptors somewhere in the name of the bank; that I am sure of. I suppose that suit is what you are figuring on here.

"*Q.* You remember that there was a suit as you have described, but whether it was in Pennsylvania or elsewhere you do not now recollect?

"*A.* I do not.

"*Q.* Do you know whether that suit is still pending, or has been dismissed?

"*A.* I don't remember; I cannot state as to that."

It is the contention of counsel for the defendants that under this undisputed testimony the court should have directed the verdict for the defendants, or at least have instructed them as requested in their second request. It is settled in this State that the possession by the plaintiff of a promissory note sued on, and its production by him upon the trial, are presumptive evidence of his title or right to sue upon it, and that such right existed when the suit was commenced, and the plaintiff need not be the real or beneficial owner, to entitle him to recover. But the maker of such note has the right to rebut such pre-

sumption, and show that the plaintiff has no title, or that he did not acquire title until after the commencement of suit, and thus defeat recovery thereon in such action. *Hovey* v. *Sebring*, 24 Mich. 232 (9 Am. Rep. 122), and cases cited in note 1 to that case; *Reynolds* v. *Kent*, 38 Mich. 246. It cannot be said here, however, that there is any evidence to rebut the presumption of ownership arising from the possession of the acceptances in the hands of the plaintiff. It appears that the acceptances belonged to the bank, and that they were duly indorsed by one having the authority of the bank to indorse them. They were produced on the trial, and the claim of ownership to them by the plaintiff fully established by that fact.

The judgment must be affirmed.

The other Justices concurred.