JULIET F. LLOYD *vs.* IMPERIAL MACHINE STAMPING AND WELDING COMPANY & others.

Suffolk.   March 21, 22, 1916. — July 12, 1916.

Present: RUGG, C. J., LORING, BRALEY & DE COURCY, JJ.

*Equity Pleading and Practice,* Bill, Decree. *Equity Jurisdiction,* To enforce collection of negotiable instrument, Equitable replevin.

A bill in equity cannot be maintained to enforce the collection of certain negotiable bonds of which the plaintiff alleges that he was deprived unjustly by the defendant who procured possession of them by fraud and deceit, because a suit to collect a negotiable instrument can be maintained only by its holder.

A plaintiff in equity, who alleges that he is entitled to become the holder of certain negotiable bonds and who wrongly has brought a bill to enforce the collection of the bonds which are not in his possession, cannot obtain the relief he seeks by amending his bill into a bill for equitable replevin, because, if the court should take jurisdiction of the bill as one of equitable replevin, it could not retain jurisdiction for the purpose of compelling the defendant to pay the bonds, such relief not being an incident to a bill of equitable replevin.

In a suit in equity, where it is plain that the plaintiff has mistaken his remedy, if he has any, the better practice is, even where an absolute decree dismissing the bill would not be a bar to any proper action or suit to enforce the rights of the plaintiff in the matters complained of, to provide in the decree that the bill is dismissed without prejudice, and it so was ordered in the present case.

BILL IN EQUITY, filed in the Supreme Judicial Court on August 3, 1915, and containing the allegations stated in the opinion.

The defendant Buff demurred to the bill.   The case was heard

on the demurrer by *Pierce,* J., who made an order for a decree sustaining the demurrer.   On motion of the plaintiff an interlocutory decree was made that the bill be taken *pro confesso* against the defendant the Imperial Machine Stamping and Welding Company.

By order of *Pierce,* J., a final decree was entered sustaining the demurrer of the defendant Buff and ordering that as against him the bill be dismissed.   The plaintiff appealed.

*G. L. Wilson,* for the plaintiff.

*W. M. Richardson, (W. P. Everts* with him,) for the defendant Buff.

LORING, J.   This case comes up on an appeal from a decree dismissing the bill entered on an order sustaining a demurrer filed by the defendant Buff.   In her bill the plaintiff alleged that in the summer of 1909 she became the owner of seventy-one first mortgage bonds of the defendant welding company; that these bonds were part of an issue of seven hundred secured by a mortgage of certain rights in an invention, future improvements thereon and patents securing the same, together with drawings, patterns, machines, machinery and equipment for the manufacture of the machines covered by the invention and patent; that after making the mortgage the welding company by an indenture dated September 5, 1911, transferred the exclusive right, title and interest to the property covered by the mortgage to the defendant Buff and another, in consideration of and conditioned upon the grantees paying a royalty therein described for all machines manufactured and sold by them under the patent.   It is further alleged that by said royalty indenture the welding company agreed that Buff and his associate might have the mortgage securing the seven hundred bonds aforesaid discharged at their own sole expense, and coupled with that authority was an agreement by Buff and his associate that they would "indemnify and save harmless" the welding company "from any loss, costs, charges, damages, expenses, suits, actions, and proceedings at law or equity" which the welding company "might bear, sustain, be at, or be put to, for or by reason or on account of the said bond mortgage" aforesaid, "or the rights of any holders of any of the bonds issued thereunder."   The bill then alleged that in March, 1914, the defendant Buff procured possession of the plaintiff's bonds through fraud and

deceit; but that the defendant Buff asserts that he purchased the bonds from the plaintiff at that time. It is then alleged that the mortgage was foreclosed in April, 1915. It is averred that the mortgage contained a provision that in case of a foreclosure of the mortgage "the principal of all outstanding bonds should forthwith become due and payable notwithstanding anything contained in said bonds" (and it appears from an inspection of the bonds that there is nothing to that effect in the bonds). It is averred that by reason of the foreclosure and by virtue of this provision in the mortgage, the principal sum of the seventy-one bonds aforesaid has become due and payable and that the welding company now owes the plaintiff the principal of the bonds and the unpaid interest coupons thereto attached. It is then alleged "that upon judgment being rendered therefor against the defendant . . . welding company the said company is entitled to recover over against the defendant Buff the amount of said judgment;" that Buff controls the welding company and for that reason that the welding company would not enforce its right to recover indemnity from Buff "in respect of any judgment the plaintiff might obtain against said corporation in an action at law;" and that the welding company is insolvent. It is then alleged that Buff is the owner of a valuable interest as stockholder in the corporation which the plaintiff desires to reach and apply "in payment of her said claim against the defendant Buff."

The foundation of the plaintiff's bill is a right on her part to collect from the welding company the principal of her bonds or (if that is not now due) the amount of the interest coupons which have matured. It is the settled law of this Commonwealth that the right to collect a negotiable instrument is in the holder of it. *National Pemberton Bank* v. *Porter,* 125 Mass. 333. *Lowell* v. *Bickford,* 201 Mass. 543, and cases cited.

From this it follows that a person who is not the holder of a negotiable instrument but who is entitled to become the holder of it is not in a position to bring an action or suit to collect it. On the face of the bill the plaintiff is not now the holder of the seventy-one bonds here in question. Putting her allegations at the highest she has a right to become the holder of those bonds but she is not now the holder of them.

The bill does not contain the allegations which are necessary

to make it a bill of equitable replevin. The most favorable assumption for the plaintiff is that it might be amended into such a bill. Treating the bill as so amended, the plaintiff cannot have the relief sought in this bill unless the relief here sought would be given to her as an incident to a bill of equitable replevin. It is plain that a court of equity which had taken jurisdiction of this bill as a bill of equitable replevin would not keep jurisdiction of it for the purpose of giving to the plaintiff the relief which she seeks in this bill on the ground that having taken jurisdiction of the cause it would keep jurisdiction to administer full relief.

It follows that the bill in this suit is bad. Until the plaintiff becomes the holder of them she has not the right to collect these bonds. In addition if the bill were amended so as to make it a bill of equitable replevin, the relief here sought is not an incident to such a bill.

Under these circumstances, it is not necessary to consider the further difficulties which lie in the plaintiff's path in her endeavor to collect the amount of these bonds from the defendant Buff.

A decree dismissing this bill would not be a bar to any proper action or actions, suit or suits, to enforce the rights of the plaintiff in the matters here complained of. *Capaccio* v. *Merrill*, 222 Mass. 308. In spite of that, the better practice in such a case is to provide in the decree that the bill is dismissed without prejudice. The decree should be modified in that way, and so modified should be affirmed. It is

*So ordered.*