FRANK G. NEWELL *vs.* BERNARD ROSENBERG & another.

SAMUEL NESSON & another *vs.* FRANK G. NEWELL.

Suffolk.     April 9, 1931. — May 26, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* Rescission. *Evidence,* Competency. *Practice, Civil,* Oral question by judge to jury, Ordering verdict, Verdict. *Jury and Jurors. Bills and Notes,* Holder.

In an action of contract commenced in 1930 to recover, on the ground of fraud on the part of the defendant, money paid by the plaintiff to the defendant in 1925 for an assignment of a contract to purchase land, there was evidence that the plaintiff in May, 1926, refused to make further payments under the assignment because of the alleged fraud. At the close of the evidence at the trial the plaintiff tendered a reassignment of the contract to the defendant, which was refused. The jury found that the defendant had not been guilty of fraud. *Held,* that

(1) The plaintiff's attempt to rescind the assignment at the trial came too late;

(2) The plaintiff was not entitled to rescind without having made a seasonable offer to return what he had received;

(3) Evidence, that rights of the plaintiff in the land had been lost by a foreclosure of a mortgage, properly was excluded, the time of the foreclosure not appearing: such evidence did not show that the property was of no value when purchased, even though after the foreclosure there may have been nothing of value which the plaintiff could have offered to return;

(4) The plaintiff could not recover.

The defences to an action against the maker of a promissory note were that it was procured by fraud on the part of the plaintiff and that the plaintiff was not a holder thereof. The defendant admitted his signa-

ture. The plaintiff testified at the trial that he was the payee of the note; that he had indorsed and delivered it for consideration; and that he had received it back from the indorsee before the trial. The plaintiff produced the note at the trial. The defendant offered no evidence on the issue, whether the plaintiff was a holder, but introduced evidence of fraud on the part of the plaintiff. The jury, having considered the action, separated and returned into court the next morning with a sealed verdict. The trial judge, raising a question as to the meaning of the verdict, asked the jury if they found that the plaintiff had been guilty of fraud, to which the foreman answered in the negative. The judge then directed the jury to find for the plaintiff for the amount of the note, plus interest and a reasonable attorney's fee, the note containing a promise by the defendant to pay such a fee. The jury then retired and brought in a verdict for the plaintiff which was recorded. Such proceedings were in the absence of counsel. *Held*, that

(1) No error appeared in the proceedings with reference to the verdict;

(2) The plaintiff *prima facie* was the holder of the note, and the defendant, not having introduced any evidence upon that issue, was not entitled to have it submitted to the jury;

(3) The jury having determined the only issue in the action, that of fraud, in favor of the plaintiff, it was proper to direct them to bring in a verdict for the plaintiff.

CONTRACT. Writ in the Municipal Court of the City of Boston dated June 19, 1930. Also an action of

TORT OR CONTRACT. Writ dated July 23, 1930.

Upon removal of the first action to the Superior Court, the actions were tried together before *Greenhalge*, J. The assignment from Newell to Rosenberg and Nesson was dated September 29, 1925. Other material evidence is stated in the opinion. The judge ordered a verdict for the defendant in the second action. The circumstances of the recording of a verdict for the plaintiff in the first action are described in the opinion. That verdict was in the sum of $1,010.41 on each of the three counts in the declaration. The judge reported both actions for determination by this court upon a stipulation "that if there is no error in any of my rulings the verdict is to stand; otherwise the cases are to be sent back for a new trial."

*B. Levin,* (*A. Sigel* with him,) for Rosenberg.

*B. F. Evarts,* for Newell.

SANDERSON, J. These actions were tried together. The case of Newell against Rosenberg and Nesson, begun by

writ dated June 19, 1930, is an action of contract to recover upon three promissory notes given to the plaintiff by the defendants as part of the consideration for the assignment of a contract for the purchase of land in Florida sold through the plaintiff's agents. Each note contained a promise to pay a reasonable attorney's fee. The answer is a general denial, payment, denial of genuineness of the signatures, failure and partial failure of consideration for the notes, that the defendants were induced to enter into the transaction by fraud, and that the notes were not properly delivered to the plaintiff so as to constitute him a holder.

The case of Rosenberg and Nesson against Newell, begun July 23, 1930, is an action of contract to recover the money paid in the Florida transaction or of tort based upon fraud and misrepresentations of Newell's agents in connection with the same matter. The answer is a general denial and payment. In this case the plaintiffs elected to proceed on the count in contract and at the close of the evidence, subject to the plaintiffs' exception, the jury by direction of court returned a verdict for the defendant.

The only exception argued in the second case is to this order. In that case the plaintiffs' right to recover in contract was dependent upon proof of rescission. In May, 1926, Rosenberg stated that he would make no more payments on the contract because it was induced by false representations. No further payments were made and the plaintiffs took no steps to rescind the contract by returning or offering to return what they had received until 1930 at the conclusion of the evidence in the trial of the case. They then tendered the instruments they had received with a reassignment. The tender was refused as coming too late. An attempt to rescind at that time was of no avail to the plaintiffs. A right to rescind must be exercised promptly after facts which justify it are known. In any event the rescission must be made before the action was begun. *Thayer* v. *Turner*, 8 Met. 550, 552. *Brocklehurst & Potter Co.* v. *Marsch*, 225 Mass. 3, 10. *Patch* v. *Cashman*, 244 Mass. 378, 379. The evidence that the rights under the mortgage contract on the property in Florida had been

lost by foreclosure would not if admitted have been of help to the plaintiffs on this issue even though after the foreclosure there may have been nothing of value which the plaintiffs could have offered to return. The excluded evidence had no tendency to prove that the property received by the plaintiffs was of no value when purchased. The date when foreclosure proceedings were instituted does not appear in the record. In the ruling on this evidence we find no error. The plaintiffs' contention that they might rescind without offering to return what had been received is untenable. It is also clear from the finding of the jury, which will be referred to later, that no misrepresentation or fraud for which Newell was responsible was practised and that no ground for rescission existed. The plaintiffs having failed to establish their right to recover in contract, the order directing a verdict for the defendant was right.

The exceptions argued in the case of Newell against Rosenberg and Nesson will next be considered. In this case both defendants admitted that they signed the three notes which were introduced in evidence by the plaintiff. There was evidence from which the jury might have found that the defendants were induced to enter into the transaction by fraudulent representations. The morning after the jury retired to consider the case they came into court with a sealed verdict, and the judge in the absence of counsel after raising a question about the meaning of the verdict asked the jury if they found that there was any fraud on the part of the vendor or his agent for which the vendor was liable, and the foreman replied: "We did not." The judge stated, in substance, that if no fraud or false representations were found, there was no defence to the notes and that the verdict should be for the face of the notes with interest and a reasonable attorney's fee. The judge then said: "It will appear on the record that the jury answered that they found there was no fraud or false representations for which this plaintiff Newell was responsible, and that embodies your view." The foreman answered, "Yes." Thereupon the judge directed the jury to find for the plaintiff for the amounts of the notes with interest and a reasonable attor-

ney's fee. They then retired to determine the amount due. Apparently upon their return they had not added the interest to the principal so as to make the verdict one total sum, and at the suggestion of the judge this addition was made by the foreman in the court room and the verdict then recorded. To all that thus took place in the absence of counsel the defendants later saved their exceptions.

The presiding judge was within his rights in making inquiries of the jury in open court concerning their finding on a controlling issue. *Dorr* v. *Fenno*, 12 Pick. 520, 525. *Spoor* v. *Spooner*, 12 Met. 281, 285–286. *Moskow* v. *Burke*, 266 Mass. 286, 290. The fact that they had separated before returning into court with a sealed verdict does not affect the right of the judge, either in the presence or the absence of parties or their counsel, to ascertain from the jury what their findings were, and to ask them to consider the case further or to make rulings of law affecting the rights of the parties. *Ashton* v. *Touhey*, 131 Mass. 26, 29. *Minot* v. *Boston*, 201 Mass. 10, 13. *Burke* v. *Hodge*, 211 Mass. 156, 162. *Fondi* v. *Boston Mutual Life Ins. Co.* 224 Mass. 6. *Charles* v. *Boston Elevated Railway*, 230 Mass. 536, 542–543. *Dziegiel* v. *Westford*, 274 Mass. 291. The judge had full control of the case including the right to direct a verdict for either party until the report of the jury had been accepted. *Byrne* v. *Boston Elevated Railway*, 198 Mass. 444, 451. *Traverse* v. *Wing*, 256 Mass. 320, 323. The foreman is the proper spokesman for the jury and his answers made in open court without objection by other members of the panel may be taken as the answers of the jury. *Dziegiel* v. *Westford*, 274 Mass. 291, 296. In the circumstances disclosed there was no legal objection to the statement by the judge as to the meaning, as he understood it, of the answer of the jury already given, or to the recording of that statement as their answer after it was assented to by the jury. The answers of the jury to the inquiries of the judge conclusively established the fact that the defence of fraud and false representations had not been proved. This settled the only material issue of fact in the case unless as the defendants contend there was such

an issue on the question whether the plaintiff was the holder of the notes when the action was begun. In support of the defence that the plaintiff was not a holder of the notes the defendants offered no evidence. The plaintiff testified that he was the holder of them, that they were delivered to him as part of the consideration for the assignment of the contract to the defendants, and that nothing had been paid on them. He testified that in October, 1925, he indorsed them and turned them over to Clarence W. Carpenter who paid consideration for them, that he first learned in May, 1926, that Rosenberg was claiming that misrepresentations were made in connection with the transactions for which the notes were given, and that they or photostatic copies of them were received by the plaintiff and he had the notes themselves from Carpenter several weeks before the trial which began September 11, 1930. This evidence had no tendency to prove that the plaintiff was not entitled to bring an action on the notes at the date of the writ.

G. L. c. 107, § 74, provides that the holder of a negotiable instrument may sue thereon in his own name. G. L. c. 107, § 18, defines a holder to be the payee or indorsee of a bill or note who is in possession of it or the bearer thereof. The indorsee of the notes has raised no question about the plaintiff's right to sue thereon and the defendants' contention in this matter might be disposed of on the ground suggested in *Troeder* v. *Hyams*, 153 Mass. 536, 539, that the defendant's equities do not require us to look behind the nominal plaintiff. A recovery by the plaintiff is full protection to the defendants. *Simansky* v. *Clark*, 128 Maine, 280, 287. *St. Paul National Bank* v. *Cannon*, 46 Minn. 95. When the makers repudiated their obligation the indorsee may have decided that the payee should assume the burden of litigation in the matter. It was no concern of the defendants whether this or some other arrangement was made with the indorsee concerning the action on the notes. The payee may have the right to bring an action on notes not in his possession at the date of the writ. *Armstrong* v. *Lewis*, 14 Minn. 406, 410. *Hovey* v. *Sebring*, 24 Mich. 232. See *Wolfboro Loan & Banking Co.* v. *Rollins*, 195 Mass. 323;

*Lowell* v. *Bickford,* 201 Mass. 543, 545. "In this Common-
wealth, it is not necessary that the plaintiff in a suit upon
a promissory note should have the legal title or beneficial
interest in the note, nor indeed that he should have any
title or any interest in it." *National Pemberton Bank* v.
*Porter,* 125 Mass. 333, 335. See *Fogg* v. *Willcutt,* 1 Cush.
300; *Wolcott* v. *Boston Faucet Co.* 9 Gray, 376; *Whitten* v.
*Hayden,* 9 Allen, 408, 409; *Spofford* v. *Norton,* 126 Mass.
533. The production of the notes at the trial was *prima
facie* evidence that the plaintiff had a right to sue on the
day of commencement of the action. *Hovey* v. *Sebring,
supra. Lloyd* v. *Imperial Machine Stamping & Welding Co.*
224 Mass. 574, is not in conflict. See *Lowell* v. *Bickford,*
201 Mass. 543.

The defendants, not having introduced evidence to meet
the plaintiff's right to recover based upon production of
the notes and proof of the signatures, were not entitled to
have the question, whether the plaintiff was the holder of
the notes when the action was begun, submitted to the
jury. *Burnham* v. *Allen,* 1 Gray, 496. *Perley* v. *Perley,*
144 Mass. 104. *Harvey* v. *Squire,* 217 Mass. 411.

Upon the evidence the judge was right in directing a ver-
dict for the plaintiff. No error of law having been found
in the rulings made, the entry in each case under the terms
of the report must be

*Verdict is to stand.*