BERNARD V. DOLIN, PLAINTIFF-APPELLANT, v. R. BENNETT DARNALL AND WALTER I. DAWKINS, DEFENDANTS-RESPONDENTS.

Submitted May 31, 1935—Decided October 9, 1935.

For the plaintiff-appellant, *John Fuchs*.

For the defendants-respondents, *Endicott & Endicott*.

The opinion of the court was delivered by

TRENCHARD, J.  This is an appeal from a judgment of nonsuit.

The suit was instituted by Bernard V. Dolin on September 17th, 1931, upon two promissory notes, both for $2,500 and dated August 15th, 1925, at the city of Sarasota, Florida, one payable on or before one year, and the other on or before two years after date, to the order of Harrison-White Corporation, with interest at eight per cent., which notes were executed by the defendants, R. Bennett Darnall and Walter I. Dawkins.

The complaint alleged that Dolin (plaintiff-appellant) was the holder and owner of such notes and demanded payment.

The answer filed consisted of a general denial and a separate defense (among others) alleging in substance that on July 26th, 1926, both of such notes were duly paid to and canceled by the Harrison-White Corporation, the payee

thereof, by one Hover to whom they were then delivered after being marked paid and canceled.

At the trial it appeared, and was undisputed, that the payee received the agreed cash value of the notes, and wrote on the face of each "Paid July 26, 1926, Harrison-White Corporation, by W. G. Harrison, Pres.," and the plaintiff then undertook to prove that the intention of Hover was to purchase, and not to pay the notes, and that the cancellation was unintentional or under a mistake.

The trial judge held that the plaintiff failed in that undertaking, finding that there was no competent evidence from which the jury could legitimately conclude that the cancellation was unintentional or a mistake, and took the ground (among others) that payment and cancellation justified a nonsuit. But in the view that we take of the case we find it unnecessary to consider the propriety of the nonsuit upon that ground, although we incline to think it was sound. We rest our decision for affirmance of the nonsuit upon the first ground stated by the trial judge, and now to be considered.

The trial judge took as his first ground for nonsuit that, at the time of the institution of the suit, the plaintiff was not in possession of the notes either personally or by his agent, nor was he the beneficial owner thereof, and therefore was not entitled to maintain the action.

We think that was right.

The general rule is that a suit cannot be instituted before a cause of action has accrued. *Holzapfel* v. *Hoboken Manufacturers Railroad Co.*, 92 *N. J. L.* 193.

In the instant case the complaint, after setting forth the execution of the notes, averred "that said notes were thereafter delivered to the plaintiff who is now the owner and holder thereof."

If, then, the notes were not delivered to the plaintiff, and if he was not the owner and holder of them at the time of the institution of the suit, he was not in possession of any cause of action which entitled him to institute the suit at that time, and hence the nonsuit granted on that ground was proper.

Now a consideration of the evidence and stipulation shows conclusively that the plaintiff never became, and is not now

for that matter, the beneficial owner of these notes. His participation in this litigation as the nominal plaintiff is that of a collection agent for Hover. Of course we recognize the right of an owner to negotiate such a note to another for the purpose of collection, but a note is not negotiated to another unless the transfer is such as to constitute such other the holder of the note; that is there must be such a transfer of the instrument as will effectually place the transferee in possession of it.

It was stipulated at the trial that the plaintiff did not come into actual physical possession of the notes until approximately three months after the institution of the suit. Therefore, the allegation in the complaint that the notes were delivered to plaintiff, was untrue. Furthermore, the plaintiff admitted that he had no interest in the notes whatsoever, and therefore the allegation of ownership in the complaint was not true.

We have, then, merely the question of whether plaintiff was a "holder" of the notes, as alleged in the complaint, even though he had not the physical possession of them at the time of the institution of the suit.

For the solution of that question we turn now to our Uniform Negotiable Instruments act. *Comp. Stat., p.* 3734. By section 51 thereof, "the holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument." By section 191 the " 'holder' means the payee or endorsee of a bill or note, who is in possession of it, or the bearer thereof;" and " 'bearer' means the person in possession of a bill or note which is payable to bearer."

Since the plaintiff was not "in possession of" the notes in question he was neither the "holder" nor the "bearer" thereof.

On the instant question we have in our own state the cases of *Owen & Co.* v. *Storms & Co.*, 78 *N. J. L.* 154, and *Coffin* v. *May,* 104 *Id.* 347. We believe that both cases in effect support the present nonsuit.

In *Owen & Co.* v. *Storms & Co., supra,* the court said among other things: "We think that the plaintiff company was the holder of the note and was entitled to maintain suit

upon it. This right is expressly given by statute (*Pamph. L. 1902, p. 583*), and was undoubted at common law in the absence of a statute. *Middleton* v. *Griffith, supra.* Section 61 of our Negotiable Instruments act (*Pamph. L. 1902, p. 592*) provides that 'the holder of a negotiable instrument may sue thereon in his own name,' and section 191 (at page 614) of the same act defines a 'holder' as 'the payee or endorsee of a bill or note who is in possession of it, or the bearer thereof.' The instruction that if the plaintiff was not the owner of the note there could be no recovery was therefore erroneous."

In *Coffin* v. *May, supra,* the Court of Errors and Appeals said: "Lastly, it is argued that the plaintiff is not a holder of the instrument sued upon, and hence, was not entitled to sue. * * * This contention is without substance. * * * It was not necessary under existing circumstances that the plaintiff should be the beneficial owner of the trade acceptance in order to entitle him to sue thereon (*Owen & Co.* v. *Storms & Co., supra*), and under section 51 of the Negotiable Instruments act (*Comp. Stat., p. 3740*) it is expressly provided that the holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument. It was not in dispute that the plaintiff was in possession of the instrument at the time the action in the present case was brought; in fact, possession was conceded, and, therefore, the objection that the plaintiff was without legal status to sue, is palpably untenable."

Since the right of a holder of a note to maintain a suit upon it was undoubted at common law, the decisions in other jurisdictions on the question of possession, whether under the Uniform act or under common law, are worthy of consideration.

Now in the case of *Lloyd* v. *Imperial Mach., Stamping and Welding Co.* (*Supreme Court of Massachusetts*), 113 *N. E. Rep.* 456, the court said: "*It is the settled law of this commonwealth that the right to collect a negotiable instrument is in the holder of it.* (Citing cases.) From this it follows that *a person who is not the holder of a negotiable instrument* but who is entitled to become the holder of it *is not in a position to bring an action or suit to collect it.*"

And in *Dowell* v. *Brown,* 21 *Miss.* 43, the court said: "If a note is payable to order, the legal title passes only by endorsement. *Cohea* v. *Bacon,* 20 *Id.* 516. If it be payable to bearer, the legal title passes by delivery. And the holder cannot sue in his own name, on a note payable to order, without an endorsement. The subsequent endorsement does not cure the defect in the manner of declaring. *The plaintiff must have a legal right of action at the time he brings the suit; and the proof must show such a right as he has declared on, in him, at the time he commences his suit.* These plaintiffs were not endorsees at the time they sued as such, and consequently fail in proving a cause of action as laid."

In *Clark* v. *Sigourney,* 17 *Conn.* 511, the court said: "If, as has been shown, the legal title to the note in question was not transferred, by the act of the payee, in writing his name upon its back, without a delivery of it to the person to whom it was transferred, that title remained in the payee until his death. That act was a mere nullity. \* \* \* In whatever light, therefore, the subject is considered we think that the plaintiff could not recover, for the want of a legal title to the note. Although the defense may seem of a technical character, we cannot resist it, without disregarding established principles, and confounding the distinction between legal and equitable rights."

In *Townsend Trust Co.* v. *Reynolds (Superior Court of Delaware),* 165 *Atl. Rep.* 154, suit was instituted upon a promissory note, and one of the defenses thereto was that the plaintiff was not the holder of the note at the time suit was brought. In considering the effect of their Negotiable Instruments act, which is similar to ours, that court, among other things, said: "If suit is brought upon a note, it must be brought by the holder of said note. In a negotiable note, the holder of said note can only be ascertained by the possession of it."

Such also is the view of text writers, thus 3 *Dan. Neg. Inst.* (*7th ed.*) 1411, § 1377, says: "One who has neither possession of the instrument nor an interest in it cannot maintain an action on it." Again, Chalmers in his work on Bills (*9th ed.*), *p.* 149, § 38), puts the matter in simple language.

He says: "D, the holder of a bill endorsed in blank, does not wish to sue on it in his own name. He accordingly asks E to sue on it. E consents. E gets a copy of the bill, and it is agreed that he shall have the original when wanted. E commences an action against the acceptor, and after action brought he gets the bill. E cannot maintain this action, for at the time he began it he had neither the actual nor the constructive possession of the bill."

Such, too, is the English view. In *Emmett* v. *Tottenham,* 8 *Exch.* 883, where, as in the present case, the plaintiff claimed to be the assignee for collection, but had not actually obtained possession of the bill before suit was brought. Therein Chief Baron Pollock, in delivering the judgment of the Court of Exchequer, said: "It was, however, argued in this case on the part of the plaintiff, that, although he had not the actual possession of the bill, still he had the constructive possession, or the possession by his agent. * * * There was no evidence that the plaintiff had either the possession of or any interest whatsoever in the bill. We are, therefore, of opinion that he was not entitled to sue upon it."

In the instant case the notes in suit were produced at the trial, and the plaintiff argues that thereby "a *prima facie* case has been established." But this contention ignores the fact that it was stipulated and admitted that the plaintiff had no possession of or interest in the notes until long after the suit was instituted. On this question the leading and frequently cited case of *Hovey* v. *Sebring, 24 Mich.* 232, is clear and well considered. Therein the court said: "It is well settled, as a general rule, that the possession of such note by the plaintiff producing it on the trial, is *prima facie* evidence of his title, or his right to sue upon it, and that the plaintiff need not be the real or beneficial owner to entitle him to recover. * * * And liberal as the law is to the person in whose name the suit may be brought, and in presuming ownership from possession, we think it has not gone, and ought not to go, so far as to allow a party to bring an action before his right of action has accrued; and *whatever may be the state of facts which authorizes the suit to be brought in the name of any particular person, that state of facts*

*must, as a general rule, exist at the time the suit is instituted in his name. This, it is true, would, in ordinary cases, be presumed from the production of the note by the plaintiff on the trial. But the defendant, we think, may rebut this presumption, and defeat the action by showing that the state of facts existing at the time of the institution of the suit, did not authorize the plaintiff to sue.* \* \* \* *The plaintiff can only recover upon the cause of action he had at the institution of his suit, and he is not allowed to sue first and obtain his cause of action afterwards."*

The chief reliance of the plaintiff on this phase of the case is the case of *Newell* v. *Rosenberg* (*Supreme Court of Massachusetts*), 176 *N. E. Rep.* 616. But that case, we believe, does not support plaintiff's argument. Therein suit was brought upon three promissory notes given as a part consideration for the purchase of lands located in Florida. The defendants alleged in their answer that the plaintiff was not the holder of the notes at the time the suit was instituted. The plaintiff testified at the trial that he was the holder of them. The defendants, on the other hand, offered no evidence in support of the defense mentioned. Under these circumstances the court said: "The production of the notes at the trial was *prima facie* evidence that the plaintiff had a right to sue on the day of the commencement of the action. *Hovey* v. *Sebring, supra; Lloyd* v. *Imperial Mach., Stamping and Welding Co.,* 224 *Mass.* 574; 113 *N. E. Rep.* 456, *is not in conflict.* See *Lowell* v. *Bickford,* 201 *Mass.* 543; 88 *N. E. Rep.* 1. The defendants not having introduced evidence to meet the plaintiff's right to recover based upon production of the notes and proof of the signatures, were not entitled to have the question. whether the plaintiff was the holder of the notes when the action was begun, submitted to the jury."

Now it will be noted that the court in that case cited with apparent approval the case of *Hovey* v. *Sebring, supra,* wherein the rule applicable to the present case, we think, was correctly stated. It is that while the production of the notes upon the trial will in ordinary cases raise the presumption that the state of facts which authorized the plaintiff to prosecute the suit in his name existed at the time the suit was com-

menced, yet the defendant may, as here, rebut this presumption and defeat the action by showing conclusively that the state of facts existing at the time the suit was instituted did no authorize the plaintiff to sue.

It seems to be argued by the plaintiff that there was evidence of an assignment of the notes by Hover to the plaintiff by a separate and independent writing, which antedates the action, but without delivery of the notes or the alleged assignment before the suit was instituted, and that thereby the plaintiff, a stranger to the notes, was enabled to bring suit upon them.

It will be noticed that we are not here concerned with the right of the *payee or the beneficial owner* of a note, to bring suit upon it, even though not in the actual possession at the time suit was instituted, as for instance, where a note may be in pledge; nor are we here concerned with the *equitable* rights of the assignee of a note by separate and independent instrument without delivery of the note and the alleged assignment. We are rather concerned merely with the alleged transfer of negotiable promissory notes to a stranger thereto, and without delivery of the notes, and the right of the latter to sue on the notes in a court of law when he had not the possession of either the notes or assignment at the time the suit was instituted. We think no such right was conferred upon him merely by the execution of a separate and independent assignment without regard to where the notes or the assignment remained. In this connection see section 30 of the Negotiable Instruments act.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 16.

*For reversal*—None.