19 N.J. Super. 502 (1952)
89 A.2d 99
OLIVE MacPHERSON, PLAINTIFF-RESPONDENT,
v.
EMILY G. SCHWINN, AND ANOTHER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1952.
Decided May 16, 1952.
*505 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Arthur W. Lewis argued the cause for the respondent (Mr. Augustus S. Goetz, attorney).
Mr. Alexander Blatt argued the cause for the appellant Caroline Sherman.
The opinion of the court was delivered by BIGELOW, J.A.D.
The plaintiff, a real estate broker, procured a customer for the land owner, namely the defendant Mrs. Schwinn, and a formal agreement of sale was duly *506 executed. Although the buyer, a Mrs. Sherman, refused to perform the contract, the broker earned her commission, $600, for she secured a buyer on terms which the vendor accepted. Richard v. Falleti, 13 N.J. Super. 534 (App. Div. 1951). Judge Tennenbaum, who tried the action in the district court, so determined and none of the parties now object. The land owner counterclaimed: The buyer, at the time of signing the contract, gave the broker a check drawn to the latter's order for $500, as a deposit on the purchase price and the broker endorsed the check over to the vendor. Before the check cleared the bank, the buyer stopped payment. The district court held the broker liable on her endorsement and set off the amount of the check, $500, against the commission of $600, and rendered judgment in favor of the broker and against the vendor for the difference, $100. This judgment is not the subject of the appeal. Our recital to this point may be considered as only a prologue. We now proceed to the controversy presented by the appeal.
The complaint shows that the defendant-appellant Mrs. Sherman gave to the plaintiff-respondent a check for $500 and the plaintiff endorsed the check over to Mrs. Schwinn. Mrs. Sherman refused to honor the check and the plaintiff demands payment from her. Mrs. Sherman admitted the facts we have just stated but denied owing anything to plaintiff, relying on the defences that are considered in this opinion. The trial court awarded judgment to the plaintiff and Mrs. Sherman appeals.
It is generally true that one can maintain no action on a negotiable instrument, who is not the holder of the instrument at the time the action is begun. Dolin v. Darnall, 115 N.J.L. 508; 102 A.L.R. 454 (E. & A. 1935). Certainly when this suit was instituted, the plaintiff was not the holder or owner of the $500 check. But it may be that our present rules aid the plaintiff. Rule 3:8-5 permits a statement of claim to be made hypothetically. Rules 3:14-1 and 2 authorize a plaintiff against whom is asserted a counterclaim, to bring in (by leave of the court) as a third-party *507 defendant a person "who is or may be liable to him for all or part of" the counterclaim. Note also Rules 3:15-4, on supplemental pleadings, and 3:18-2 on joinder. These rules govern in the county courts, Rule 5:2-1, and the practice in the District courts conforms generally to that in the county courts, Rule 7:1-3. Not only the rules of court, but the Constitution of New Jersey also, encourage the adjudication of the entire controversy in a single action. A determination of rights as against the party primarily liable and the party secondarily liable, and of their rights and liabilities inter sese, all in a single action, is clearly authorized procedure. The sweeping provision in our rules for counterclaims, cross claims, and third party claims, the permission to state claims "alternatively or hypothetically" and to join a claim "heretofore cognizable only after another claim has been prosecuted to a conclusion," the right to join parties who are interested "jointly, severally, in the alternative or otherwise,"  all point to that conclusion.
Had the formalities prescribed by Rule 3:14 been observed, the drawer of the check would not have been brought into the suit until Mrs. Schwinn had counterclaimed against plaintiff and then the plaintiff would have filed a third-party complaint against the drawer couched in hypothetical language: "If judgment against plaintiff be rendered on the counterclaim, or if the plaintiff be required to allow as an off set the amount of the check, then," etc. Instead of awaiting the counterclaim, the plaintiff anticipated that Mrs. Schwinn would file one (See Rule 3:13-1 for compulsory counterclaim) and so plaintiff joined the drawer of the check as a defendant in the first instance. While it would have been better practise not to have joined Mrs. Sherman at the outset, it is probable that a third-party complaint can be lodged against one who is already a party to the cause. See Moore's Fed. Pr., § 14.14. Or the same result might be accomplished by a supplemental complaint.
Of course, plaintiff joined the drawer of the check without obtaining the leave of the court which would have *508 been a prerequisite to serving a third-party summons. And she stated her cause of action on the check in absolute terms, as if it were independent of any action that might be taken by the holder of the check. But none of the parties appears to have objected to the loose practice; probably because our district courts traditionally have been informal, neighborhood courts. The court tried the action on the merits and rendered judgment in accordance with the substantive law which governed the controversy. Procedural shortcomings which did not prejudice the appellant should not be a reason for disturbing the judgment. See Rule 3:15-2 as to amendments. We will deal with the appeal as if the judgment against appellant had been rendered on a third-party complaint.
It is generally true that an indorser, or other person secondarily liable, cannot recover from the principal debtor until he has paid the obligation. D.L. & W.R.R. Co. v. Oxford Iron Co., 38 N.J. Eq. 151 (Ch. 1884). But Rule 3:14 permits the defendant (or plaintiff against whom is asserted a counterclaim) to implead a third-party who "is or may be liable." Where the third-party plaintiff will have a substantive right to indemnity upon satisfying the original claim, the rule accelerates his right of action; so that the third-party may be brought in and the action proceed to judgment against him although he is not liable to the third-party plaintiff (in our case the respondent) until the latter has paid the primary claim and so sustained an actual loss. Burris v. Am. Chicle Co., 120 F.2d 218 (C.C.A. 2 Cir., 1941); Jones v. Waterman S.S. Corp., 155 F.2d 992 (C.C.A. 3 Cir., 1946); Moore's Fed. Pr., §§ 14.08 and 14.10. The set off of the amount due Mrs. Schwinn on the check against what she owed plaintiff was equivalent to actual payment of the check by the plaintiff. Hannon v. Williams, 34 N.J. Eq. 255 (E. & A. 1881). And thus the principle of the Oxford Iron Company decision is satisfied.
There is another rule of law on which appellant relies. Only the holder of a negotiable instrument can sue *509 thereon; the endorser, in order to maintain an action against the drawer, must not only pay the check but must take possession of it. The rule is a result of the negotiability of the paper. If the plaintiff does not hold the check, perhaps someone else does and may sue the drawer. In the case before us, the plaintiff did not hold the check at any time during the pendency of the action. The defendant Mrs. Schwinn was the holder; she produced it at the trial and it was marked in evidence. In our opinion, this is sufficient to sustain the plaintiff's right of action, for otherwise a dispute as to who was primarily and who secondarily liable on negotiable paper, could never be adjudicated in the action brought by the holder of the paper.
An indemnitor who is sued as a third-party defendant may defend by showing that the third-party plaintiff has a good defense against the primary claim. See Moore's Fed. Pr., § 14.13. And on an appeal, the third-party defendant can assert errors which would be a ground for reversing the original judgment if such a reversal would invalidate the ancillary judgment. In keeping with this principle, Mrs. Sherman, the drawer of the check, argues that the plaintiff endorser was not liable to the holder of the check unless notice of dishonor was given. John Wills, Inc., v. Citizens Natl. Bank, 125 N.J.L. 546 (E. & A. 1940). And that no proof of notice was presented. As the case cited points out, notice is required for the benefit of the endorser and may be waived by him. It may be waived either before or after the time of giving notice has arrived. R.S. 7:2-109. If the appellant had made known to the district court her concern over the lack of evidence in respect to notice, it is entirely likely that proof of notice or of waiver would have been adduced. There should be no reversal on this ground.
Since no other reasons for reversal are presented, the judgment will be affirmed.