194 A.2d 132 (1963)
Floyd H. JOHNSON and Elizabeth Lewis, Appellants,
v.
UNITED SECURITIES CORPORATION and G & R Agency, a body corporate, Appellees.
No. 3249.
District of Columbia Court of Appeals.
Argued July 29, 1963.
Decided October 7, 1963.
Alvin L. Newmyer, Jr., Washington, D. C., for appellants.
Bernard T. Levin, Washington, D. C., for appellees.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
HOOD, Chief Judge.
This appeal is from a judgment in favor of United Securities Corporation, hereafter referred to as the appellee, against appellants on a promissory note which they gave in the purchase of an automobile and from judgments denying appellants recovery on their counterclaim and third party complaint. We affirm the judgments on the counterclaim and third party complaint, and would have no difficulty affirming the judgment on the note except for a question as *133 to the right of appellee to maintain the action on it.
The note was payable to Station Wagon Sales Corp., the seller of the automobile, and was promptly endorsed and transferred to appellee, a finance corporation. Thereafter appellee, with no physical endorsement by it on the note, delivered the note to Walter E. Heller & Co., a Chicago finance institution which deals in such notes on a nationwide basis. Sometime thereafter the note was returned to appellee by Heller. Appellee did not explain the transaction with Heller and resisted all attempts by appellants to seek an explanation.
Appellee's ledger card of the note was stamped "SOLD TO W.E.H. & CO." but its witness insisted that the note was pledged and not sold to Heller. Appellee admitted it had a copy of the agreement between it and Heller governing their transactions, but it refused appellants' request to produce it, and when appellants sought a subpoena for its production appellee opposed it and the court sustained this objection. Appellee's witness could not state when the note was delivered to Heller or when it was returned by Heller, although the witness admitted this information could be easily obtained from Heller.
Appellee sued as the holder of the note. Our Code 1961, § 28-101, defines a holder as the payee or endorsee of a bill or note "who is in possession of it, or the bearer thereof." Appellee was in possession of the note shortly after its execution and was in possession at time of trial, but there is no proof that it was in possession when suit was brought. Such little evidence as there is points to the contrary. Appellee's witness stated the note was charged to profit and loss and when that was done "we had to pay Heller off and redeem the note." The ledger card indicates the note was charged to profit and loss on October 3, 1961, but suit had been brought in July 1961.
The most that can be said of the evidence is that it shows that at some time appellee delivered the note to Heller under some form of agreement and under some circumstance the note was at some time returned to appellee.
Without proof that appellee was in possession of the note at the time it commenced the action, it could not maintain the action as a holder of the note.[1] Regaining possession of the note after commencing the action would not cure the defect.[2] Here, as we have said, there was no proof that appellee was holder of the note when it commenced the action. We recognize that under certain circumstances a pledgor of a note may maintain an action on it,[3] but here again we are faced with an absence of proof that the note was delivered to Heller as a pledge. It is true that appellee's witness said the note was pledged and not sold as its ledger card indicated, but appellee failed and refused to produce the written agreement with Heller.[4]
Under these circumstances the judgment on the note must be reversed and the case remanded for a further hearing limited to the issue of appellee's right to maintain the action. If it sustains its burden of proving such right, the judgment shall be reinstated. If it does not, the action shall be dismissed.
The judgments on the counterclaim and third party complaint are affirmed. The judgment on the original complaint is reversed with instructions.
NOTES
[1] 8 Am.Jur., Bills and Notes § 921; 10 C.J.S. Bills and Notes § 533.
[2] Dolin v. Darnall, 115 N.J.L. 508, 181 A. 201, 102 A.L.R. 454.
[3] See Annot., 65 A.L.R. 1321.
[4] As we have previously observed, the note did not bear any endorsement by appellee, but Code 1961 § 28-320, provides that where an order instrument is transferred for value without endorsement, the transferee acquires such title as the transferrer had together with the right to have the endorsement of the transferrer.