GOLD MEDAL SEWING MACHINE COMPANY *vs.* LUTHER M. HARRIS.

Suffolk.    March 5. — 6, 1878.    COLT & SOULE, JJ., absent.

In an action by A. against B. for a balance due upon goods sold and delivered, for the price of which B. and C. were originally jointly liable, there was evidence that C. informed A. that he was willing to pay his share of one half if A. would release him and look to B. for the other half; that A. agreed to the arrangement, and, upon such payment by C., gave to him a receipt in full of all demands against him; and that B., upon being informed of this arrangement, said to A. that it was correct, and promised to pay him the other half. *Held*, that a jury would be warranted in finding that B. and C. became severally liable to A. for one half of the price; that the original liability was a sufficient consideration for the new agreement; and that the receipt, given by A. to C., not being a technical release under seal, did not extinguish B.'s liability.

CONTRACT on an account annexed, to recover the price of certain sewing machines.

The second count of the amended declaration, which was the only one relied on, was as follows: "And the plaintiff says that the defendant, jointly with one James W. Harris, owed the plaintiff the sum of $442 for goods sold by the plaintiff to the defendant and James W. Harris, a bill of which goods is annexed to the first count of said declaration, and which is referred to as a bill of particulars under this count, and that James W. Harris paid to the plaintiff one half the said sum of $442, and the said Luther M. Harris assumed separately the remaining part of said sum, and severally promised to pay the plaintiff the sum of $221, and the plaintiff demanded of said Luther M. Harris the said sum of $221 on January 19, 1874, and the said Luther M. Harris owes the plaintiff the said sum of $221, with interest thereon from January 19, 1874."

At the trial in the Superior Court, before *Putnam*, J., it appeared that the action was originally brought against the defendant and James W. Harris, as copartners under the firm name of Harris Brothers, and that at a former term the plaintiff was allowed to amend by discontinuing as to James W. Harris, so as to proceed against the defendant alone.

Allen Schenck, the general agent of the plaintiff, testified that he sold and delivered the sewing machines to Harris Brothers, but could not say to which of them; that James W. Harris

came to the plaintiff's place of business and purchased the machines ; that he thought the defendant came with him ; that the price was then agreed upon, and the machines delivered as requested; that he had dealt with Harris Brothers for several years ; that the defendant came several times with James to the plaintiff's place of business at the time when machines were purchased; that he did not remember whether certain credits were paid by the defendant or by James ; that he had demanded pay for the machines from both of them ; that on one occasion, after the machines were delivered, James informed him that he was willing to pay his share, one half of the balance, if the plaintiff would release him and look to the defendant for the other half ; that he, for the plaintiff, agreed to such arrangement, and, upon the payment to him of the sum of $221 by James, gave to James a receipt in full of all demands against him ; that he then went to the defendant and informed him of the arrangement he had made with his brother, and the defendant said to him that it was correct, and promised him to pay the other half ; that the defendant and James were formerly copartners, and he understood and believed they were so at the time of the purchase ; and that on each occasion of presenting to the defendant the claim for his half, $221, he made no objection thereto, except that he could not pay it then, but promised to do so soon.

The defendant requested the judge to rule that there was no evidence to sustain the action against the defendant, for the following reasons :

" 1. Because the count relied on alleged a joint liability, and the plaintiff had introduced evidence tending to show that the defendant's liability was joint with said James W. Harris, and hence the action could not be maintained against this defendant alone.

" 2. Because no consideration was alleged or proved for the alleged assumption by the defendant of one half said debt.

" 3. Because the liability, being in the first place joint, was cancelled and discharged by the discharge and release of one of the joint debtors."

The judge declined to rule as requested, and thereupon the defendant called James W. Harris, who testified that he bought the machines on his sole account; that he and the defendant

were formerly partners, but in the cider business, and never in the sewing machine business; that the defendant had no interest in these machines whatever; that he had himself paid all the money which had been paid on account, and that at the time of the payment of $221 he paid it as, and believed it to be, in full satisfaction of the account, as he claimed a reduction on account of the machines not being licensed; that he offered to Schenck fifty per cent. of the balance in full satisfaction, and that the same was so accepted; and that he took from Schenck a receipt in full for all demands to that date.

The defendant testified that he had nothing to do with the machines in question; that he never promised to pay nor did pay anything for the same, but that on one occasion he informed Schenck that he would give him $221, if he had it to spare, if he would cease to follow him around on this matter, but that he did not owe him anything.

The defendant thereupon requested the judge to rule that, upon the whole evidence, there was no question for the jury; but the judge declined so to rule, and submitted the case to the jury upon instructions not otherwise excepted to.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. E. Barry*, for the defendant.

*C. H. Drew*, for the plaintiff.

GRAY, C. J.   The evidence introduced at the trial warranted the jury in finding that, by agreement made between James W. Harris and the plaintiff, and afterwards ratified and affirmed by the defendant, each of the debtors, James and the defendant became severally liable to the plaintiff for one half of the sum for the whole of which both had originally been jointly liable. The original liability was a sufficient consideration for the new agreement.   The receipt given by the plaintiff to James, not being a technical release under seal, did not extinguish the defendant's liability.   *Shaw* v. *Pratt*, 22 Pick. 305.   *Pond* v. *Williams*, 1 Gray, 630, 636.                    *Exceptions overruled.*