GEORGE H. SHIELDS *vs.* ISAAC NATHANS. & another.

Middlesex. January 9, 1929. — September 10, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Exceptions, Verdict. *Jury and Jurors.*

At the close of the evidence at the trial of an action for unliquidated damages for breach by the defendant of covenants made by him as lessee in a lease of real estate, the term of which had expired, where the defendant had filed an answer including an allegation of payment and a declaration in set-off claiming repayment of $120 deposited as security for the performance of the lease and $99, adjustment of an insurance premium paid for an overlapping period for the benefit of the lessor, the plaintiff's counsel stated in substance that it was agreed that the deposit of security was $120 and the item of insurance adjustment was $45 and that neither sum had been paid to the defendant, plaintiff in set-off. The jury returned a verdict of $100 to the plaintiff and $45 for the defendant (plaintiff in set-off). Before the verdict was recorded and after colloquy with the counsel, the judge, calling attention to the statement by the plaintiff before the jury retired, stated to the jury, "Is there any dispute, gentlemen? Do any of you think in the light of what has been said and done there is any misunderstanding about the finding of $100 for the plaintiff in the main action? If so, will you put up your hand? [No response.] That ought to be plain. . . . I think there is no need of sending them back because it is nothing but a mathematical correction. Now, Mr. Foreman and gentlemen, by agreement of the parties you will amend the $45 so it will read $165; then we will receive your verdict." The verdict then was corrected by the form to read, $100 for plaintiff and $165 for the defendant (plaintiff in set-off), and was recorded with the clerk's indorsement, "Upon return of this verdict and before the recording thereof, the correction in the amount found was made in open court with the consent of both counsel." Upon exception by the plaintiff, it was *held,* that

(1) While ordinarily the record of a court duly attested imports incontrovertible verity, and, in that case, there would be no question open for the plaintiff to argue, in the circumstances, since both parties had argued the case on the basis that the propriety of the judge's action was open for decision, the court so considered the case;

(2) The record showed that the trial proceeded upon the theory that the deposit of $120 made by the lessees with the lessor at the time the lease was executed was to be dealt with by the jury on the declaration in set-off and not on the plea of payment in the answer;

(3) The attitude of the jury, in response to the interrogatory put by the judge after explanation of what seemed to him to be error in the verdict on the declaration in set-off, showed plainly that they understood their decision on the main declaration and intended to stand by it, and that they accepted the suggestion as to the clerical error in the verdict on the declaration in set-off;

(4) Although it would have been proper to send the jury out again to make the correction, there was no reversible error in the conduct of the judge; it was the correction of a formal error in the verdict with the approval of the jury.

CONTRACT by the assignee of a lease in writing to the defendants of premises 48 Leverett Street in Boston, the defendants being alleged to have broken the covenants of the lease "by failing to do all necessary repairs on the premises, both inside and outside, and by failing to keep the premises, including the glass, piping, and electric and all other fixtures in or on the premises in such repair, order and condition as the same were in at the commencement of said term or were put in thereafter and by failing to yield up to the lessor at the termination of said lease the premises in good repair, order and condition in all respects as stated in said lease; but on the contrary the defendants allowed the said building to become in bad repair; allowed the roof to become leaky and broken; allowed the plumbing and piping in said building to be removed; allowed the plaster, wood work and glass in said building to become broken and damaged; and in all other respects permitted the said building to be greatly damaged, all of which caused the said building to depreciate greatly in value and cause great loss to the plaintiff and his assignor." Writ in the Third District Court of Eastern Middlesex dated May 27, 1926.

The defendants, as plaintiffs in a declaration in set-off, as amended, sought the $120 deposit described in the opinion and $99.51 on the insurance item, together with interest on such items.

On removal to the Superior Court, the action was heard by an auditor, and afterwards was tried before *Dillon*, J., upon the auditor's report and other evidence. Material facts, proceedings at the trial and an exception by the plaintiff are stated in the opinion.

*W. M. Blatt,* for the plaintiff.

*B. Ginsburg,* for the defendants.

RUGG, C.J. This is an action to recover damages for violation of a covenant in a lease, the term of which has expired. The declaration in a single count sets forth a copy of the lease, and alleges full performance thereof by the lessor and breach by the defendants as lessees. The answer is a general denial and a plea of payment. The defendants also filed a declaration in set-off in several counts. One count, quoting in part from the lease, alleges a deposit by the defendants, the plaintiffs in set-off, with the plaintiff, the defendant in set-off, of the sum of $120 "cash as collateral security for the performance of this lease . . . the lessor (the defendant in set-off) . . . to refund the principal and interest which [said sum] has earned on said deposit at the end of the term of this lease." Other counts allege certain overpayments by the plaintiffs in set-off on account of insurance policies for the benefit of the defendant in set-off. The case was referred to an auditor, who made a comprehensive and detailed report; it then was tried to a jury upon the auditor's report and other evidence.

At the conclusion of the evidence the plaintiff stated that it was agreed that the amount of the deposit given as security by the defendants to them was $120, and that the value of the insurance for the overlapping period beyond the term of the lease was $45, and that neither said sum of $120, nor $45, was ever returned or paid to the plaintiffs in set-off. The jury retired and subsequently came in with a verdict of $100 for the plaintiff and $45 for the defendants (plaintiffs in set-off). Thereupon the following statements were made in open court in the presence of both counsel. "THE JUDGE. Now, Mr. Foreman and gentlemen, there is what appears to be a clerical error here. It was agreed by the parties that there was an amount of $45 that belonged to the plaintiff in set-off. The party filing suit [obviously the party filing the declaration in set-off] has set up there was also due him the sum of $120 which had been paid to the plaintiff in the main action. So that I suggest that, it being a matter agreed upon by the parties and still affirmed by the parties here, that you amend,

before the court affirms your verdict, the verdict for the plaintiff in set-off." Then counsel for the plaintiff, the defendant in set-off, requested that the whole case be sent back to the jury to decide what they really wished to do stating that "They may not have intended to do that at all. . . . Evidently they have done something which they shouldn't have done." Thereupon the judge said: "Is there any objection to my asking whether [there is] any dispute about the verdict as represented here, the $100 for the plaintiff in the main action? Do either of you object?" Counsel for plaintiff said: "I don't know what went on in their minds." The judge suggested: "You can find out if I ask the question." Counsel for plaintiff replied: "Very well." The judge, addressing the jury, said: "Is there any dispute, gentlemen? Do any of you think in the light of what has been said and done there is any misunderstanding about the finding of $100 for the plaintiff in the main action? If so, will you put up your hand? [No response]. That ought to be plain. . . . I think there is no need of sending them back because it is nothing but a mathematical correction. Now, Mr. Foreman and gentlemen, by agreement of the parties you will amend the $45 so it will read $165; then we will receive your verdict." The plaintiff, the defendant in set-off, thereupon saved an exception.

In the copies of papers sent up in accordance with the statute, there is this indorsement upon the verdict thus entered for the plaintiffs in set-off in the amount of $165, a line being drawn through the figures $45: — "Upon return of this verdict and before the recording thereof, the correction in the amount found was made in open court with the consent of both counsel." This indorsement is attested by an assistant clerk of courts. Ordinarily the record of a court duly attested imports incontrovertible verity. *Cote* v. *New England Navigation Co.* 213 Mass. 177. This indorsement conforms to the statement of the judge already quoted in directing the jury to amend the $45 so that it would read $165. If it was literally true that the verdict was thus amended by consent of both counsel or by agreement of the parties, neither could subsequently object. Nothing would be open to the plaintiff.

This point has not been raised in argument. The bill of exceptions signed by the presiding judge and attested by the clerk states that exception to this amendment of the verdict was duly saved. The saving and the allowance of an exception to something done by agreement of both parties, if within the jurisdiction of the court, would be meaningless. Both parties have argued the case on the basis that the point is open for decision. Since the result must be the same in any event, there is no objection to stating the substantive grounds of decision. *Commonwealth* v. *McNary*, 246 Mass. 46. We treat the case as the parties have treated it, and assume in favor of the plaintiff that the record leaves the matter open to him.

It is manifest from the recitals already made from the exceptions that the trial proceeded upon the theory that the deposit of $120 made by the lessees with the lessor at the time the lease was executed was to be dealt with by the jury on the declaration in set-off and not on the plea of payment in the answer. That is the fair purport of the statement in behalf of the plaintiff made at the conclusion of the evidence. The auditor in his report dealt with this item in the same way, finding for the plaintiff in set-off on the ground that the words of the lease did not provide for the forfeiture of this deposit but for security for the lessor's claim. The statements by the judge to the counsel and the jury, already quoted, could hardly have been made if the case had been left on the charge so that there could have been a finding either of payment under the answer or on the declaration in set-off. No suggestion of that nature was made by counsel for the plaintiff in the colloquy with the judge. The attitude of the jury, in response to the interrogatory put by the judge after explanation of what seemed to him the error in the verdict on the declaration in set-off, shows plainly that they understood their decision on the main declaration and intended to stand by it, and that they accepted the suggestion as to the clerical error in verdict on the declaration in set-off. Indeed, that error was hardly open to discussion. When a verdict is delivered or an error in a verdict is corrected in the sight and hearing of all the jurors, without protest by any of them,

their assent always is strongly, even if not conclusively, inferred. *Ellis* v. *Deheer*, [1922] 2 K. B. 113, 118, 120. Although it would have been proper to send the jury out again to make the correction, there was no reversible error in the conduct of the judge. It was the correction of a formal error in the verdict with the approval of the jury. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 386, 387, 388. *Fondi* v. *Boston Mutual Life Ins. Co.* 224 Mass. 6, 8, 9.

The case at bar is distinguishable from cases like *Shapleigh* v. *Wentworth*, 13 Met. 358, *Kenney* v. *Habich*, 137 Mass. 421, *Minot* v. *Boston*, 201 Mass. 10, where the jury either rendered a verdict under a misapprehension of the law as laid down in the charge or were not given adequate instructions, and further deliberation was essential in order to preserve the rights of all parties.

The exception as to evidence was waived in argument at the bar and need not be considered.

*Exceptions overruled.*