KARL DZIEGIEL *vs.* TOWN OF WESTFORD.

Middlesex.    January 6, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* New trial, Exceptions, Jurors' verbal answer to question
by judge.    *Jury and Jurors.*

The mere facts that, after deliberation from 3:30 P.M. until 10:30 P.M. on
a Friday, the members of a jury considering a case were permitted by
the trial judge to disperse to go to their respective homes, and that
on the next Monday morning they reported a disagreement to the trial
judge, did not require the ending of the trial, but the judge rightly
might require further and renewed consideration of the case by the
jury provided he determined upon adequate investigation that nothing
prejudicial to the cause of justice had happened during their separation.
It is an ancient and proper course, and an established practice in this
Commonwealth, for a trial judge to question the jury directly re-
specting matters proper for inquiry and pertinent to issues being
deliberated upon by them, and to accept their answers through the
foreman or by general assent, or, in extraordinary cases, by a poll,
as the basis for judicial action affecting rights of parties.
An action was given to a jury at 3:30 on a Friday afternoon.    After
deliberating until 10:30 at night, they were permitted, with the
consent of the trial judge, to disperse to their respective homes.
On Monday morning they reported a disagreement.    Upon inquiry by
the judge, the foreman stated that they were willing to try to come
to an agreement.    The judge then asked, "Have any of the members of
the jury talked about this case since adjournment, or since you were
relieved on Friday night?"    The foreman, consulting the jury, stated:
"The jurymen answer 'no'."    Each juryman did not personally state
that he had not talked in any manner with anybody about the case.
The foreman of the jury purported to answer for the jurors, but some
jurors answered that they had not talked with anybody about the
case, others nodded their heads, while others did not reply at all.
The judge then required the jury to retire and deliberate further,
and they returned a verdict for the defendant.    A motion by the
plaintiff for a new trial was allowed, the trial judge in his statement
required by G. L. c. 231, § 128, stating: "It appearing that in send-
ing out the jury after a separation an inquiry was not made in the
jury room and by the jurors themselves as to any prejudicial cir-
cumstances which might have arisen during separation as indicated
in the case of *Charles* v. *Boston Elevated Railway,* this motion is al-
lowed . . ."    The defendant alleged exceptions.    *Held,* that

(1) The cause assigned by the judge for setting aside the verdict
was a ruling of law;

(2) Such ruling was error;

(3) The mere circumstance that some of the jury did not reply to the questions from the bench did not invalidate the general assent given by their all standing by in silence while the foreman answered for them.

In the circumstances above described, judgment was not ordered for the defendant, but the exceptions were sustained and the action was remanded to the Superior Court to enable the trial judge to pass anew upon the plaintiff's motion for a new trial.

TORT for damage to an automobile of the plaintiff, alleged to have been caused by a defect in a public way in the defendant town. Writ dated May 19, 1928.

In the Superior Court, the action was tried before *Greenhalge*, J., where, in circumstances described in the opinion, a verdict for the defendant was returned and a motion for a new trial was allowed. The defendant alleged exceptions.

The case was submitted on briefs.

*R. B. Walsh*, for the defendant.

*J. P. Donahue*, for the plaintiff.

RUGG, C.J. This action was tried to a jury. It was given to the panel for final consideration on a Friday afternoon with instructions to report a sealed verdict on the following Monday morning; soon afterwards the court adjourned until that time. The jury deliberated until about half past ten o'clock in the evening of that Friday, when they were allowed to disperse by the sheriff acting by order of the court. During this interval, until Monday morning, they were free to go where they desired and to talk with people indiscriminately. When the court opened on Monday morning, a disagreement was reported in open court. The presiding judge asked the jury if they had reached an agreement and the foreman answered in the negative. This colloquy then occurred: "THE JUDGE: Do you think after further deliberation you could come to any agreement? THE FOREMAN: No, sir. We are willing to try. THE JUDGE: Have any of the members of the jury talked about this case since adjournment, or since you were relieved on Friday night? THE FOREMAN (consulting the jury): The jurymen answer 'no.' THE JUDGE: You have had no conversation. It is de-

sirable that the case should be settled and disposed of if possible. It has had a full trial, I would like to have you try a while longer. Supposing you retire and deliberate further and notify me if you cannot come to an agreement within a reasonable time." It is further stated in the bill of exceptions: "Each juryman did not personally state that he had not talked in any manner with anybody about the case. The foreman of the jury purported to answer for the jurors, but some jurors answered that they had not talked with anybody about the case, others nodded their heads, while others did not reply at all." The jury then retired to their room and about half an hour later returned a verdict for the defendant. The plaintiff seasonably filed a motion that the verdict be set aside for the reasons (1) that it was against the law; (2) that it was against the evidence; (3) that it was against the weight of the evidence; (4) that "the jury received this case for their deliberation about 3:30 P.M. on Friday, April 18, 1930; that said jury considered the matter until about 10:30 P.M. on Friday, April 18, 1930, when they were allowed to disperse and go to their homes by the deputy sheriff with the consent and approval of the court; that said jury was not confined Saturday, April 19, nor Sunday, April 20, 1930, but the members were able to go where they desired and to talk with whomsoever they wished; that said jury reported to the court on Monday, April 21, 1930, at 10 A.M. and reported a disagreement; that after said report, the court instructed the jury to deliberate further in the absence of the plaintiff or plaintiff's counsel; that said jury at about 10:30 A.M. on Monday, April 21, reported a verdict for the defendant; that by reason of the fact that the court refused to accept the disagreement verdict of the jury and by reason of the court sending this jury out, after such report, for further deliberation, the plaintiff was aggrieved thereby and his rights were prejudiced." Thereafter the judge directed the entry to be made that the motion for new trial was allowed on the fourth ground, filing in compliance with G. L. c. 231, § 128, a statement of his reasons

in these words: " It appearing that in sending out the jury after a separation an inquiry was not made in the jury room and by the jurors themselves as to any prejudicial circumstances which might have arisen during separation as indicated in the case of *Charles* v. *Boston Elevated Railway,* this motion is allowed on the fourth ground assigned therein." The defendant excepted to this order.

It is recited in the plaintiff's motion for a new trial that the sending out of the jury on Monday morning with directions to deliberate on the case further occurred in the absence of the plaintiff or his counsel. There is no statement in the exceptions that this recital is true. Whether it be true is of no consequence in the view we take of this case, because it was the duty of the plaintiff or his counsel to be present unless content to rely upon rights afforded him in such absence. See Common Law Rule 45 of the Superior Court (1923); *Energy Electric Co., petitioner,* 262 Mass. 534, 537, 538.

The provisions of G. L. c. 231, § 127, are a constitutional regulation of the right of trial by jury. *Opinion of the Justices,* 207 Mass. 606. *Edwards* v. *Willey,* 218 Mass. 363, 365. *Commonwealth* v. *Gedzium,* 261 Mass. 299, 305. Thereby the common law power of the trial judge to set aside a verdict of his own initiative and volition for any cause deemed by him sufficient is narrowed and confined to those causes set out in the written motion for a new trial filed by a party to the cause. *Wright* v. *Apekian,* 270 Mass. 302, 304, 305, and cases there collected. *McDonnell, petitioner,* 197 Mass. 252.

It is manifest that the only ground set out in paragraph 4 of the plaintiff's motion is the fact that the jury, having been given the case for determination of their verdict, were allowed to disperse late on a Friday evening and to go and remain where they chose, to talk with any persons and to do whatever they wanted to do from that time until the following Monday morning, when they reported a disagreement, which the court did not accept as the final result of the trial but directed the jury to consider the case further. It is not there alleged that the

jury were sent out for renewed deliberation without a preliminary ascertainment and determination by the judge that there had been no prejudice to either party to the case by anything said or done to or by any of the jurors in the interval covering their separation.

The mere circumstance of a separation of the jury such as is here disclosed does not require the ending of the trial, but the judge rightly may require further and renewed consideration of the case by the jury provided he determines upon adequate investigation that nothing prejudicial to the cause of justice has happened during the separation. *Charles* v. *Boston Elevated Railway,* 230 Mass. 536. It is assumed that ground 4 of the motion for a new trial sets out a sufficient cause for a new trial. See, however, *Simmons* v. *Fish,* 210 Mass. 563, 672; *Harrington* v. *Worcester, Leicester & Spencer Street Railway,* 157 Mass. 579. Since the motion for a new trial was not granted on any of the first three grounds alleged, they need not be considered.

Clearly, the judge did not adopt the general ground set forth in paragraph 4 of the motion. He had been conscious on Monday morning of the duty resting on him to ascertain that nothing had been said or done to or by any of the jury to render improper for any sound reason a direction to consider the case further. He had made from the bench direct inquiry of the jury on this point. He had been assured by the foreman, after consulting with his fellows, that none of them had conversed with anybody about the case. Apparently he had the correct principle in mind that, after assuring himself that there was no impediment to justice in the way, the case might be recommitted to the jury for further consideration.

The cause assigned by the judge for setting aside the verdict was a ruling of law. It was not and does not purport to be the exercise of his discretion. That ruling of law was that the inquiry as to the existence of prejudicial circumstances arising during the period of separation was not made by the jurors themselves in the jury room as "indicated" in *Charles* v. *Boston Elevated Railway,*

230 Mass. 536. That is a ruling of law to the effect that such course is required by that decision. That ruling of law was wrong. No such course of procedure is held to be essential in the *Charles* case. It there was decided to be a proper course, simply that, no more. There is nothing in the *Charles* case to the effect that it is the exclusive course open to a trial judge for ascertaining the facts. It is an ancient and proper course for the trial judge to question the jury directly and to accept their answers through the foreman or by general assent, or, in extraordinary cases, by a poll, as the basis for judicial action affecting rights of parties. This is established practice. *Pierce* v. *Woodward,* 6 Pick. 206, 208. *Spoor* v. *Spooner,* 12 Met. 281, 285. *Burke* v. *Hodge,* 211 Mass. 156, 161–162, and cases there collected. *Purcell* v. *Rose,* 261 Mass. 431. *Claffey* v. *Fenelon,* 263 Mass. 427, 434. It was error to rule that inquiry upon such a subject must be made in the jury room and by the jurors themselves.

The circumstance that some of the jury did not reply to the questions from the bench does not invalidate the general assent. The foreman spoke and purported to answer for the entire panel. He consulted with them. They all stood by in silence while he answered. No one of them dissented. This was in substance and effect approval of his answer as the voice of the jury. All the jurymen were bound by it and could not be heard to complain of it. No one else can dispute it. *Nesbitt* v. *Parrett,* 18 T. L. R. 510. *Ellis* v. *Deheer,* [1922] 2 K. B. 113, 118. *Rex* v. *Wooller,* 2 Stark. 111. *Shields* v. *Nathans,* 268 Mass. 360, 364, 365.

We think this is not a case where we ought to order judgment for the defendant on the verdict, but that the judge who tried the case ought to pass anew upon the motion in the light of the principles here stated.

*Exceptions sustained.*