FRANCIS A. CAMPBELL *vs.* CITY OF BOSTON.

Suffolk.   December 12, 1932. — June 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil,* Special question to jury, Ordering verdict. *Receipt. Payment. Release.*

At the trial of an action by the clerk of the Superior Court for the county of Suffolk against the city of Boston for a portion of a month's salary withheld against his protest, where no question was raised as to whether the action properly was brought against the city, it appeared that the plaintiff signed a payroll sheet showing the full amount of his month's salary due him, his signature being under the words "Received the amount set against our names respectively being in full for services for the time stated," and then was paid his full month's salary less an amount representing one day's pay; and that he immediately protested to the city's officials concerning the deduction. When the payroll sheet was produced in evidence, it contained statements, which the plaintiff testified were not on it when he signed, to the effect that such deduction was for unemployment relief and that the deduction was by order of the mayor. The judge submitted to the jury special questions as to whether such two statements were on the payroll when the plaintiff signed, and the jury answered in the negative. The judge then refused to order a verdict for the defendant and ordered a verdict for the plaintiff. *Held,* that

(1) It was proper for the trial judge to submit the questions to the jury;

(2) In view of the answers of the jury to the questions submitted to them and in the light of all the evidence, there was no question of fact open for further consideration, and the verdict for the plaintiff properly was ordered.

It *was stated* that such payroll sheet, as signed by the plaintiff, was not a release of his claim for a month's full salary, but was merely a receipt therefor; and, even if it had been found that the sheet had not been altered after the plaintiff signed it, it would not have barred the plaintiff's claim because it was undisputed that he was not paid a full month's salary.

SMALL CLAIM, filed in the Municipal Court of the City of Boston on March 23, 1932, and described in the opinion.

On removal to the Superior Court, the claim was tried before *Sisk*, J. Material evidence, special questions to the jury and their answers thereto are described in the opinion. The judge refused to order a verdict for the defendant and ordered a verdict for the plaintiff in the sum of $18.89. The defendant alleged exceptions.

*H. M. Pakulski*, Assistant Corporation Counsel, for the defendant.

*J. M. Maloney*, for the plaintiff.

Rugg, C.J. This proceeding was begun under the small claims act, G. L. (Ter. Ed.) c. 218, §§ 21–25, to collect a balance of $18.89 alleged to be withheld over his protest from $566.66 due the plaintiff as salary for February, 1932, as clerk of the Superior Court for civil business for the county of Suffolk. The defendant filed a jury claim and affidavit that there was an issue of fact requiring trial, and the case was thereupon removed to the Superior Court. The defendant then filed specifications to the effect that this "claim being for salary the fact to be determined is, whether or not the same has been paid or is still owing. The defendant says that the plaintiff has been paid in full and that the defendant owes him nothing." No further pleadings were required by the court. The case was tried to a jury upon agreement that if finding was made for the plaintiff $18.89 was one day's pay for the plaintiff and that the verdict might be for that sum. It was admitted by the defendant that that sum was deducted from the plaintiff's salary for February, 1932, under direction of the mayor of the defendant. The plaintiff testified with respect to payment of the February salary that he was handed the payroll sheet showing $566.66 as due him by the paymaster at the city hall; that he signed it and handed it back to the paymaster, who then paid him $547.77, saying that a day's pay had been deducted; that the plaintiff protested; that there was nothing else on the payroll when he signed except the statement showing $566.66 due him; that on the payroll sheet as produced in evidence there had been added above his signature, but subsequently to his signing it, two statements which he specified and which were embodied in

the questions to the jury hereafter quoted. It appeared that on the payroll and above the signature of the plaintiff was this: "Received the amount set against our names respectively being in full for services for the time stated." From exhibits in evidence it appeared that the deduction from the payroll was made pursuant to direction of the mayor as part of a general plan to raise a large fund for unemployment relief in the city of Boston. The plaintiff further testified that he immediately wrote and sent a letter of protest directed to the mayor, the city auditor and the city treasurer, asserting a right to his full salary and the privilege of making contributions for such relief in his own way. The only witness called by the defendant was a clerk in its auditing department, who testified concerning the payroll sheet.

The only facts in controversy as developed at the trial were whether the two statements which appeared on the payroll as produced at the trial, and which the plaintiff testified were not on it when he signed it, were then in truth on it. The trial judge submitted two questions to the jury. The first question was: "Did the payroll sheet, Exhibit 1 . . . contain the following words and figures: 'Amount 566.66, Unemployment Relief Fund 18.89, Net Amount 547.77,' when the plaintiff signed the payroll?" The second question was: "Did the payroll sheet, Exhibit 1, contain the following words: 'The Unemployment Relief Fund deduction is made by the Auditor of the County of Suffolk upon order of the Mayor of the City of Boston' when the plaintiff signed the payroll?" The jury answered each question in the negative. Verdict was thereupon ordered in favor of the plaintiff. The defendant excepted to the denial of its motion for a directed verdict in its favor and to the verdict ordered. The concluding sentence of the exceptions is: "This bill is intended to raise two questions, — First as to whether or not the entire question should have been submitted to the jury for a finding, and not limited to questions, and, — Second, if upon the evidence most favorable to the plaintiff he is entitled to recover."

Plainly, a verdict could not rightly have been directed in favor of the defendant. The payroll with its formal general receipt in full was not a technical release, *Gold Medal Sewing Machine Co.* v. *Harris,* 124 Mass. 206, 208, but merely a receipt which was open to explanation. *Lubin* v. *Hedtler,* 251 Mass. 422, 424. *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297, 301. As confessedly the full amount of his salary was not received by the plaintiff, such receipt did not bar the plaintiff. *Tyler* v. *Odd Fellows' Mutual Relief Association,* 145 Mass. 134, 137. Moreover, the subsequent alteration of the payroll sheet after the signature by the plaintiff without his consent would deprive it of legal force. *Boston* v. *Benson,* 12 Cush. 61, 63.

It was proper for the trial judge to submit the questions to the jury, both under our general practice and under statute. *Hart* v. *Brierley,* 189 Mass. 598, 604. *Burke* v. *Hodge,* 211 Mass. 156. *Walsh* v. *Adams,* 245 Mass. 1, 6. *Newell* v. *Rosenberg,* 275 Mass. 455, 459. G. L. (Ter. Ed.) c. 231, § 124. The questions were adequate in form, covered decisive issues of fact, and tended to simplify and expedite the trial.

In view of the answers of the jury to the questions submitted to them, in the light of all the evidence there was no question of fact open for further consideration. There was no basis for finding a release by the plaintiff upon any valuable consideration, or any relinquishment by him of the full amount due him. The rule of *Brown* v. *Grow,* 249 Mass. 495, was inapplicable. There was no controversy as to the amount due the plaintiff for salary for the month in question. In view of the answers of the jury, there was nothing in the record to raise a question of fact. The plaintiff was entitled to his full salary as matter of law. Therefore verdict in his favor was directed rightly.

It has not been argued that the action was not properly brought against the defendant. *Hibbard* v. *County of Suffolk,* 163 Mass. 34, 39. *Boston* v. *Chelsea,* 212 Mass. 127, 129.

*Exceptions overruled.*