ELSIE W. THURLOW *vs.* SOHIER WELCH & another, trustees.

Suffolk.   December 7, 1939. — February 13, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Practice, Civil,* Verdict with leave reserved, Special question to jury.

Under leave reserved upon the recording of a general verdict for the plaintiff after the jury had given an answer to a special question which, under the charge not excepted to, required them to find for the defendant, it was proper for the judge to order entered a verdict for the defendant.

TORT. Writ in the Superior Court dated October 30, 1934.

The action was tried before *Beaudreau,* J., and a verdict for the plaintiff in the sum of $2,000 was recorded with leave reserved.

The case was submitted on briefs.

*H. E. Cryan, & J. A. Bradley,* for the plaintiff.

*K. C. Parker,* for the defendants.

Cox, J. The plaintiff seeks to recover for personal injuries alleged to have been sustained while walking in an alleyway, in Boston, upon which the defendants' building abuts. The plaintiff agreed that the city had not laid out the alleyway as a public highway. There was evidence that there was no record that it was a public way, that for forty-seven years the street laying out department of Boston had not exercised any jurisdiction over it, and that if it had been dedicated to public use prior to 1846 (see St. 1846, c. 203,

G. L. [Ter. Ed.] c. 84, §§ 23, 24) and accepted by the city, this would appear of record, but that there was no such record.  The defendants seasonably presented a motion for a directed verdict, which was denied subject to their exceptions.  The alleged cause of the plaintiff's injuries was the negligence of the defendants, resulting in an unnatural accumulation of snow and ice in the alleyway.  The judge instructed the jury that there was no evidence of wilful, wanton or reckless misconduct on the part of the defendants; that, if the way was a mere private way, the plaintiff on the evidence was a bare licensee and could not recover; and that the plaintiff could recover only in case the jury should find that the way was a public way by prescription.  No exception was taken to the charge.  In answer to a special question submitted to the jury, "Did the way upon which the plaintiff fell become a public way by prescription," the jury answered: "No."  The case was submitted to the jury which found for the plaintiff, the judge having reserved leave under G. L. (Ter. Ed.) c. 231, § 120, to enter a verdict for the defendants.  Thereafter, he allowed the defendants' motion for entry of verdict under leave reserved, subject to the plaintiff's exception.

The plaintiff contends that, although leave was reserved, the judge had no power to act upon it after the jury had returned its verdict, and she relies upon the rule that a general finding imports the finding of all subsidiary facts essential to it, and that such a finding must stand if it be warranted in law upon any possible view of the evidence.  It is the general rule that "The test to determine the correctness of the action of the trial judge in ordering the entry of a verdict for a defendant under leave reserved is whether the evidence in its aspect most favorable to the plaintiff could rightly be found to support the contentions essential to the maintenance of his cause of action."  *Holton* v. *Sheppard*, 291 Mass. 513, 515, and cases cited.  See *Vahey* v. *Bigelow*, 208 Mass. 89, 92; *Kennedy Bros. Inc.* v. *Bird*, 287 Mass. 477, 484.  It long has been the law that "if different parts of a verdict are inconsistent with one another so that they cannot stand together, it is the duty of the court to set

it aside and grant a new trial, for such a verdict is against the law." *Lufkin* v. *Hitchcock*, 194 Mass. 231, 233. Where the jury answers special questions submitted to it, the answers must be considered as parts of the whole verdict, and if the different parts of it are necessarily inconsistent with one another, it is erroneous in law and must be set aside. *Reilly* v. *Boston Elevated Railway*, 206 Mass. 53, 55. *Palumbo* v. *DiMare*, 299 Mass. 212, 214–215. *Copithorn* v. *Boston & Maine Railroad*, 301 Mass. 510, 514–515. See *Duralith Corp.* v. *Leonard*, 274 Mass. 397, 401.

The statutory provisions now appearing in G. L. (Ter. Ed.) c. 231, § 120, were first enacted by St. 1915, c. 185, §§ 1 and 2. Prior to the enactment of this statute, although the trial court had power to grant motions for a new trial, this was as far as it could go in disturbing the verdict. The Supreme Judicial Court, by virtue of St. 1909, c. 236, § 1 (see now G. L. [Ter. Ed.] c. 231, § 122), upon exception by the defendant to the refusal to rule that the plaintiff could not recover, and if a verdict was returned for the plaintiff, could, if any exceptions taken by the plaintiff were overruled, direct the entry in the trial court of judgment for the defendant. In the case of *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, said St. 1909 was held constitutional, as was said St. 1915 in *Karlowski* v. *Kissock*, 275 Mass. 180. In the case of *Kaminski* v. *Fournier*, 235 Mass. 51, a verdict for the defendant was entered upon leave reserved. It was held that this was error and that the original verdict of the jury was to stand; it was said at page 55 that the contention of the plaintiff that a new trial be granted could not be supported, and that it need not be decided whether there would otherwise be necessity for a new trial in these circumstances because it is avoided by St. 1913, c. 716, § 2 (see now G. L. [Ter. Ed.] c. 231, § 124), by the terms of which the Supreme Judicial Court could, if satisfied that it had before it all the facts necessary for determining the question in dispute, direct that such judgment or decree be entered, or that such other action be taken as should accord with the determination of the full court. We think it is clear in the case at bar that the answer of the jury to the special question is

inconsistent with its verdict, and that the verdict ought not to stand. As was pointed out in *Nagle* v. *Driver*, 256 Mass. 537, the provisions of c. 231, § 120, are applicable only when a verdict or finding has been entered and stands capable of being the basis of a final judgment if found to be without taint of material error in law, and, when a verdict is set aside, all that occurred at the trial producing that verdict, including all rulings of law, is wiped out.

In our opinion the trial judge had power under the provisions of said § 120 to order the entry of a verdict for the defendants. In accordance with the instructions of the judge, to which no exception was taken, the answer of the jury to the special question was conclusive against the plaintiff's right to recover, and warranted the direction of a verdict for the defendants. Much of what was said in the case of *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, at pages 476 and 477, in discussing said St. 1909, c. 236, hereinbefore referred to, is pertinent to this decision. The plaintiff has had her day in court. An important feature of the said § 120 is that the trial judge, instead of being restricted, subject to his right to report a case, to the granting of a new trial, may order the entry of such verdict as ought to have been entered upon the law. A trial judge always has had the power to direct a verdict providing the law required it. In our opinion the law required it in the case at bar. The fact that the verdict was not ordered at the time the answer to the special question came in, and the further fact that the case was submitted to the jury and that it returned a verdict for the plaintiff, did not deprive the trial judge of his right, under said § 120, to enter the correct verdict under leave reserved. He ought not to be concluded by the verdict any more than in a case where no special questions have been answered. The only real difference between the two situations is that in one case the permissible facts that can be found do not warrant a verdict, and in the other, that the precise fact found precludes a verdict for the plaintiff. There was no error in this respect in the allowance of the defendants' motion. See G. L. (Ter. Ed.) c. 231, § 124; *Campbell* v. *Boston*, 283 Mass. 365, 368.

The only other exceptions of the plaintiff that have been argued relate to the condition of the defendants' premises prior to the time of the alleged injury. Inasmuch as the answer of the jury was decisive of the plaintiff's right to recover irrespective of the condition of the defendants' premises, or, for that matter, of the presence of an accumulation of snow or ice in the alleyway, it is unnecessary to consider these exceptions.    *Exceptions overruled.*