Anna Burgess *vs.* Melvin Giovannucci
(and nine companion cases[1]).

Suffolk.    Norfolk.    May 5, 1943. — June 29, 1943.

Present: Field, C.J., Lummus, Qua, Dolan, & Cox, JJ.

*Witness,* Contradiction. *Evidence,* Contradiction of witness, Relevancy and materiality. *Practice, Civil,* Requests, rulings and instructions, Verdict, Questions to jury, Assessment of damages.

It having appeared without objection, at the trial of an action based on alleged negligent operation of a motor vehicle, that the defendant was insured, there was no error in permitting cross-examination of a witness for the defendant tending to show a conflict between his testimony and a statement in writing given by him to the defendant's "own insurance company."

At the trial of an action based on alleged negligent operation of a motor vehicle causing a collision with an oncoming vehicle as the defendant attempted to pass a third vehicle when going up a hill, no error appeared in the denial of requests for rulings to the effect that a sign by the side of a road, "Hill, single line," had no bearing on the case, where the defendant testified that "he knew that on that hill going up the hill he was supposed to keep in single line"; in such circumstances mere absence of evidence that the sign expressed a valid legal regulation of travel or that the defendant could have read it before the collision did not require the granting of the ruling.

A trial judge was not required to give a ruling or an instruction that certain evidence would warrant a finding of a certain fact which was only one of the subsidiary facts bearing upon the determinative issue in the case and was not decisive thereof, nor was he required to call attention to such evidence.

After a jury had delivered to the court a verdict for the plaintiff in an action of tort which omitted a statement of damages assessed, the

---

[1] The companion cases are: Victor Burgess *vs.* Melvin Giovannucci; Philip Johnson *vs.* Same; Selma Johnson *vs.* Same; Anna Burgess *vs.* Frank G. Augusta; Victor Burgess *vs.* Same; Philip Johnson *vs.* Same; Selma Johnson *vs.* Same; Frank G. Augusta *vs.* Philip B. Johnson; Melvin Giovannucci *vs.* Same.

judge properly sent them out again for the purpose of making such assessment.

It was proper for the foreman of a jury to answer for the jury questions orally asked by the trial judge.

The mere absence of counsel from the court room when the trial judge, upon the return of a verdict, orally interrogated the jury, was immaterial.

TEN ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated September 21, 1939, September 22, 1939, and February 1, 1940; and in the District Court of East Norfolk dated July 5, 1940.

On removal to the Superior Court the cases were tried together before *Beaudreau, J.*

*E. Z. Dymsza,* for Burgess and others.

*S. P. Sears,* for Giovannucci.

*E. Field,* for Augusta.

LUMMUS, J. These cases arise out of a collision on July 9, 939, of two automobiles owned and operated respectively by Melvin Giovannucci and Frank G. Augusta with one owned and operated by Philip B. Johnson, otherwise called Philip Johnson. Giovannucci and Augusta sued Johnson for property damage only. Johnson sued Giovannucci and also Augusta for property damage, personal injuries, and consequential damages resulting from personal injury to his wife, Selma Johnson. Victor Burgess sued Giovannucci and also Augusta for personal injuries and consequential damages resulting from personal injury to his wife, Anna Burgess. Anna Burgess and Selma Johnson, who with Victor Burgess were passengers in the Johnson automobile, sued Giovannucci and also Augusta for personal injuries. The cases were tried together.

The collision occurred on Randolph Avenue in Quincy, a three-lane highway, the outside lanes of which were of cement and the center lane of which was of macadam. The Johnson automobile was travelling toward Boston, in heavy traffic, while the Giovannucci automobile was travelling away from Boston, followed by the Augusta automobile, in lighter traffic. Johnson turned to his left into the center lane to pass another automobile. There was a conflict of testimony as to whether the collision took place

in the center lane, as Johnson and his passengers contended, or in the lane in which the other two automobiles would naturally travel. There was also a conflict of testimony as to whether the Johnson automobile was going faster or slower than the others.

A woman named Pagel, called as a witness by Johnson and his passengers, testified that immediately after the collision she went out into the road; that she saw among other things the Augusta automobile "more to the right of the road, facing towards the electric pole going towards Randolph" and six or eight inches from the pole; and that lines on the road, not present before the collision, came from the center of the road "right direct to the back wheels of his car." On cross-examination she testified that a man came to see her about the accident, and she signed a statement. It was suggested to her by the cross-examiner that the man was an investigator from Johnson's insurance company. Then counsel read from the statement that skid marks made by Augusta's automobile in the right lane, were about a car length long, and led up to the back wheel where the automobile was at the edge of the road. The witness testified that she said that. The cross-examiner asked, "To Johnson's own insurance company you told them that the marks made by the Augusta car were on his own lane, leading up to his wheel and not a word about there [their ?] being in the center lane?" Johnson and his passengers objected and excepted to the admission of this question. The witness answered, "I told . . . [them] they were in the center lane."

Johnson and his passengers barely argue this question of evidence. They say merely that "the questions were calculated to discredit the plaintiff's witness" and were "highly improper." We assume without deciding that this constituted argument. See Rule 2 of the Rules for the Regulation of Practice before the Full Court (1939), 303 Mass. 678; *Boston* v. *Dolan*, 298 Mass. 346, 355, 356. The statement and the questions were admissible for the purpose of contradicting the testimony of the witness. The reference to Johnson's insurance company was harmless,

for the fact that he was insured appeared without objection from the testimony of another witness.

At the time of the collision the Johnson automobile was ascending or about to ascend a hill. More than four hundred feet ahead was a sign reading: "Hill, single line." There was no evidence that the sign expressed any valid legal regulation of travel. The time was about half past eight in the evening, but it was still daylight. Whether Johnson could have read the sign before the collision did not appear. But he testified that "he knew that on that hill going up the hill he was supposed to keep in single line." He and his passengers excepted to the denial of two requested rulings, in substance that the sign had no bearing on the cases. Even though the sign was not authorized by law, and was not legally binding upon motorists, it was one of the circumstances in the light of which the conduct of Johnson was to be judged. See *Reardon* v. *Marston*, 310 Mass. 461, 462, 463; *Nelson* v. *Dennis*, 38 Manitoba, 553. The judge in his charge so limited its effect.

There was evidence that immediately following the collision there was oil, water and broken glass in the center lane. Johnson and his passengers excepted to the denial of a requested ruling that this evidence would warrant the jury in finding that the collision took place in the center lane. Whether the collision occurred there or not was not one of the legal issues in the case, nor was it decisive of any issue. It was only one fact bearing upon the issue of negligence. A judge is not required to rule or to instruct the jury that the evidence warrants the finding of such a fact, or to call attention to it. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47. *Commonwealth* v. *Polian*, 288 Mass. 494, 499. *Haggerty* v. *Sullivan*, 301 Mass. 302, 305. *Sherburne* v. *Meade*, 303 Mass. 356, 362. *Tookmanian* v. *Fanning*, 308 Mass. 162, 168. *Williamson* v. *Feinstein*, 311 Mass. 322, 324. *Logan* v. *Goward*, 313 Mass. 48, 50.

After the jury had retired and had considered the case, they returned with the statement that they had agreed. But it was found that their verdicts were incomplete. In the cases of Giovannucci *v.* Johnson and Augusta *v.* Johnson

the foreman had signed verdicts for the plaintiffs but had not inserted the amounts of damages. On inquiry by the judge, the foreman stated that the jury found against Johnson, and that they found that Giovannucci and Augusta were not negligent. They were sent out to complete the verdicts in those cases. They returned with complete verdicts against Johnson in favor of Giovannucci and Augusta as plaintiffs. Then the judge asked the jury in writing in each of those cases, "Who, if anyone, was negligent?" The jury, in open court, returned the written answer "Johnson." The verdicts and the answers were then taken.

The judge then said, "That being so, it follows then that your verdicts in the other cases must be for the defendant [Giovannucci or Augusta]," and he directed a verdict for the defendant in each of the other eight cases. Verdicts were taken accordingly. Counsel for Johnson and his passengers came into the court room at this time, and excepted "to the proceedings whereby the court ordered verdicts for the defendants" and "to all the proceedings had in the case after the case was originally submitted to the jury."

"After a general finding for the plaintiff without an assessment of damages, they [the jury] may be sent out again for the purpose of making such assessment." *Charles* v. *Boston Elevated Railway*, 230 Mass. 536, 542, 543. The practice of submitting questions to a jury is of long standing, and does not depend upon G. L. (Ter. Ed.) c. 231, § 124. *Wallace* v. *Ludwig*, 292 Mass. 251, 259. The foreman rightly answered for the jury. *Dziegiel* v. *Westford*, 274 Mass. 291, 296. Whether counsel were in court when this was done, or not, is immaterial. *Kullberg* v. *O'Donnell*, 158 Mass. 405. Upon the answers to the questions it became evident that Johnson and his passengers could not recover against Giovannucci or Augusta. The judge rightly directed verdicts for them as defendants. *Newell* v. *Rosenberg*, 275 Mass. 455, 459, 461. *Campbell* v. *Boston*, 283 Mass. 365, 368. *Thurlow* v. *Welch*, 305 Mass. 220, 223.

The findings that Giovannucci and Augusta were not negligent rendered immaterial the exceptions of Johnson's

passengers relative to their right to recover against Giovannucci and Augusta for their negligence, notwithstanding the concurrent negligence of Johnson.

*Exceptions overruled.*