*Southern Division*

*Third District Court*

No. 9732

## COMMUNITY PLAN, INC.

v.

## EMELINDA PARR

*Callan, J.* The plaintiff seeks to recover in this action of contract the balance due on a promissory note with interest and counsel fees as provided therein. The answer of the defendant was a general denial and payment.

The facts found by (*Taveira, J.*) which appear to be amply supported by the evidence show that on May 28th, 1952 the defendant and her husband jointly and severally executed a promissory note to the plaintiff in the amount of $800.00 which note was secured by a chattel mortgage on household furniture and provided for monthly payments. A few months thereafter the defendant and her husband separated, after which time the defendant continued making payments on the note. In February of 1954 a criminal complaint against the defendant's husband was filed in the District Court by the plaintiff charging him with removing and concealing mortgaged property. It was during, or at the conclusion of this criminal matter that the judge suggested to all parties interested that the defendant and her husband each pay one half of the amount then due on the note which was $361.18. The present defendant was in attendance as a witness in the case as well as her husband and a representative of the plaintiff. All parties consented to this arrangement whereby the criminal matter was continued for a specified time without adjudication.

There was evidence in this instant case that the defendant was told her share was $128.00 and that she actually paid $123.65 as principal and $2.76 as interest, with a later payment of interest of $6.26. The defendant assumed that her obligation was fulfilled by these payments. The defendant's husband never made any payment of his half of the amount due and was later defaulted in the criminal action.

At the close of the trial the plaintiff duly filed the following requests for rulings, both of which were granted.

(1)    The evidence is sufficient as a matter of law to warrant a finding for the plaintiff.

(2)    The burden is on the defendant to establish payment of the entire sum owing on the note.

The defendant filed four requests for rulings, three of which were denied and were as follows:

(1)    There is evidence to warrant a finding that in consideration of part payment by the defendant of a note on which she appeared as co-maker, the plaintiff agreed that the defendant's obligation on said note was discharged.

(3)    An agreement between all parties to a non-negotiable promissory note to discharge one of the co-makers of said note in consideration of a part payment by said co-maker of said note, is valid and binding against the parties to the note while the note is not negotiated to a holder in due course.

(4)    On all the evidence the court [should] find that the defendant's obligation on said note has been discharged by said agreement.

The judge found for the plaintiff in the amount of $255.99 upon agreement made at the start of the

trial that in the event of a finding for the plaintiff it would be in this amount. The defendant claiming to be aggrieved by the denial of her requests No. 1, 3 and 4, by the allowance of the plaintiff's requests, and by the court's finding, the case is reported to this Division for determination.

The only question is whether the agreement made by the parties during the criminal trial discharged the present defendant from further obligation on the note.

There appears to be no dispute but that all parties to the matter agreed to adopt the suggestion of the judge in the manner of payment on the note in question, the defendant to pay one-half of the amount then due, and her husband to pay one half. The agreement for each to pay one-half falls far short, however, of a binding agreement to waive and forego all rights on the note the plaintiff held and to substitute a new valid contract. On the note the defendant with her husband was jointly and severally liable for the full amount due. Under the proposed agreement the defendant would severally be liable for only half the amount due. It was a new agreement but if not supported by a consideration was ineffectual and is no bar to this action.

The principle of law stated in the case of *Smith v. Bartholomew,* 1 Met. 276 is applicable to this case. There defendant being one of two joint and several makers of a note upon which he had made part payment, was promised by the holder that he would look to the other maker for payment of what remained due. It was decided that the promise was without consideration and furnished no defense to an action against the maker to whom the promise was made to recover the remainder on the note. The court said, "The payment of a debt by a debtor, the same being due and payable, is not a sufficient consideration to support a promise. It is not considered

as any detriment to the debtor, or benefit to the creditor. The one pays only what he was bound to pay, and the other receives no more than his just debt. Such a consideration is merely nominal and insignificant, and is deemed in law no consideration at all."

The Smith case is distinguishable from the case of *Gold Medal Sewing Machine Co. v. Harris,* 124 Mass. 206, cited by the defendant, in which the original liability of the debtors was joint only. By agreement the debtors assumed several liability of one-half the amount due. Action was brought against one debtor on his several liability. This amounted to a "detriment to the debtors and a benefit to the creditor." The court in this case said that the original liability was a sufficient consideration for the new agreement.

There is no evidence in the present case of any release under seal discharging the defendant from liability as a joint maker. *Shaw v. Pratt,* 22 Pick. 305. As to the defendant's request No. 1 there was no evidence to warrant the finding requested and this request was properly denied. Request No. 3 was denied as not applicable to the court's finding of facts. Request No. 4 was properly denied. It was not in conformity with Rule 27. (See Rules of District Courts No. 27.) Both of plaintiff's requests for rulings were properly allowed as a matter of law.

We perceive no error and an order is to be entered of "Report Dismissed."

S. Rosenberg, for the plaintiff.

Walsh & Bentley, for the defendant.